UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM NELSON,<br><br>               Plaintiff,<br>   v.<br><br>WASHINGTON BOARD OF INDUSTRIAL INSURANCE APPEALS et al.,<br><br>               Defendants. | CASE NO. 3:25-cv-05551-DGE<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 1) |

    Presently before the Court is Plaintiff William Nelson's motion for a temporary restraining order ("TRO"). Plaintiff argues the Washington Board of Industrial Insurance Appeals ("BIIA") has improperly rejected his accommodation request under the Americans with Disabilities Act ("ADA") by forbidding him from utilizing his assistive Artificial Intelligence

("AI") device, Athena AI, for a BIIA hearing scheduled for 1:00 PM on Monday, June 23, 2025.[1] (Dkt. No. 1-2 at 1.)

Plaintiff filed his motion early this morning, and has not served Defendants, nor has he shown that he is entitled to ex parte relief pursuant to Federal Rule of Civil Procedure 65. Further, the Court has insufficient information upon which to base a ruling at this point. Plaintiff has submitted what appears to be an AI device-generated summary of his medical history (Dkt. No. 1-3) but has not provided any actual medical documentation from a medical provider identifying in detail Plaintiff's impairments and why or how the AI device is compatible with addressing those impairments. The Court also does not have any information concerning the AI device Plaintiff uses, or what precisely the device does for him.[2]

Accordingly, Plaintiff's motion for a TRO is DENIED without prejudice. The Clerk's office is directed to immediately issue summons in this case and to provide waiver of service packets to Plaintiff for his use.

The Court will only consider Plaintiff's motion for a TRO after proof of service of the summons, complaint, and the motion for TRO on the Defendants has been filed on the docket.

---

[1] At 10:35 AM this morning, the Court received a voicemail message which may have been from Plaintiff. The Court advises Plaintiff that in the future he shall submit any requests to the Court via the Court's docket.

[2] It appears the AI device assisted Plaintiff to draft and prepare the documents he filed with the Court. But in addition to simply drafting documents for Plaintiff, the AI device also appears to be performing legal research and analysis for Plaintiff. Reliability on the AI device to perform legal research and analysis is questionable—and gives the Court pause regarding the use of the AI device. For example, Plaintiff's submissions include citation to a decision identified as "*Derrick v. Milligan*, 202 F. Supp. 3d 1200 (D. Or. 2016)." (Dkt. No. 1-2 at 11.) This decision does not appear exist. For any future submissions, Plaintiff is instructed to include a certification that he has certified that all citations included in his legal brief are real and accurate citations.

Dated this 23rd day of June, 2025.

David G. Estudillo
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 1) - 3