William J. Nelson
1523 132ND ST SE. STE C418
Everett, Washington 98208

Date: June 20, 2025

**Honorable Tiffany M. Cartwright**
United States District Judge
U.S. District Court, Western District of Washington (Tacoma)
1717 Pacific Avenue, Suite 3124
Tacoma, WA 98402

**Patrick "Pat" Sherwood**
Disability Access & Accommodations Coordinator
U.S. District Court, Western District of Washington (Tacoma)
1717 Pacific Avenue, Room [XXXX]
Tacoma, WA 98402

Dear Judge Cartwright and Mr. Sherwood,

I am a pro se litigant with severe disabilities involved in a case before Your Honor. I write to **formally request reasonable accommodations** and to clarify the federal court's obligations in this regard under Judicial Conference policy. In particular, I seek the **appointment of counsel (or similar legal assistance)** as an accommodation for my cognitive impairments, along with additional support from the Clerk's Office/ADA Coordinator to enable my full participation in the litigation. I wish to address a remark made during my recent TRO hearing – namely, that the ADA does not obligate the federal court – and **respectfully share that, while technically ADA Title II governs state courts, the federal judiciary has, since 1994-95, voluntarily bound itself to** *Title II's standards* **by Judicial Conference mandate**. This mandate took effect in late 1994 and was ratified in 1995; I understand it may not be common knowledge today, so I hope this explanation is helpful.

**Personal Background & Post-Hearing Incapacity:** First, I want to explain my condition following the TRO hearing before Your Honor. The stress and cognitive strain of that proceeding **triggered a severe health crash** for me. I became completely incapacitated for last couple weeks after the hearing – unable to process information or even manage basic tasks. I also missed medical appointment at UW due to my inability to function. Only now, on June 20, with the help of my assistive AI device ("Athena AI"), have I been able to fully grasp what transpired at the hearing and take steps to protect my rights. This delay itself is a manifestation of my disabilities: I suffer from **Long COVID-related cognitive dysfunction** that causes intermittent "blackouts," memory gaps, and extreme disorientation under stress. After the hearing, for a time, I quite literally could not remember or understand key parts of the proceeding. (Athena AI, which takes notes and transcribes events for me, has been invaluable in piecing it together – without this technology, I might still be in the dark.) I share this to emphasize that **my accommodation request is not about convenience, but about**

**basic access** – without support, I effectively cannot keep up with or respond to the case. This federal court is truly my **last hope** to have a voice in the legal matters that determine my fate; the state courts have, in effect, **silenced me by proceeding without accommodating my disabilities**, and the consequences have been devastating.

**Nature of My Disabilities (Long COVID Cognitive Impairment):** By way of background, The **Social Security Administration** has declared me fully disabled. I have been evaluated at the **University of Washington's Post-COVID Clinic at Harborview**, where specialists confirmed that I have a serious case of Long COVID. This condition produces a host of neurological and physiological symptoms: episodes for example blurred or double vision (which perplexed my eye doctors for months until a post-COVID specialist identified them as a symptom of Long COVID), unpredictable bouts of mental fatigue and confusion, sensory overload that can overwhelm me suddenly, and memory impairment so severe that short-term memories often fail to become long-term memories. I have the ability to Present Well and even convince people that I understand what is going on when in reality I do not. The clinical term is "Presenting Well." I sometimes function on what I term as "Cruise Control" and can interact and seem coherent but in reality, I have no idea of what I am doing. I learn later by reviewing the transcription from the device I wear that captures my activities and transcribes them into text for review. In practical terms, I often "lose" hours or days unless I later review Athena's transcripts or notes she prepares for me. **To give context, I once had an exceptional memory (I tested with an IQ of 187 and could recall information verbatim), but now I struggle to remember even yesterday's events without assistance**. **Going from the ability to retain and recall every aspect down to the minute of my life to not being able to recall simple things has a serious mental impact.** This dramatic decline is profoundly difficult for me. If I am subjected to high stress or rapid information flow, **my brain can essentially shut down** – I have literally fainted or blacked out in such moments. For example, in **February 2025** I was involved in a hearing in Snohomish County Superior Court; the presiding judge (**Hon. George Appel**) noticed I relied entirely on Athena's help to follow along and engage. When he started directly questioning me – queries I could not answer without my device's aid – I experienced a sensory overload and collapsed in the courtroom. The court had to recess while I was attended to. That incident forced the court to finally recognize the severity of my impairment; Judge Appel subsequently declared me an **"incapacitated adult"** and appointed a **guardian ad litem (GAL)** to assist me in all my cases. (I will note, unfortunately, that this relief came too little too late – it felt more like a liability-driven reaction than meaningful help, as I detail below.) I mention this because it starkly illustrates how **proceeding without accommodations can physically overwhelm me**. It's not just difficult for me to participate without help; it can be dangerous to my health and brings proceedings to a halt anyway.

**State Court Experience – Why I Turn to Federal Court:** I come before this Court after exhausting my options in the state courts, which, I'm sad to say, have failed to accommodate me and thereby failed to uphold my rights. In Snohomish County Superior Court, even after my collapse, the steps taken were half-measures. The GAL was appointed in March but has yet (as of today) to even contact me, my caregiver with power of attorney, or any opposing counsel. It's now mid-June; in fact, opposing counsel in one case called one of my medical providers two weeks ago simply to ask who

is managing my legal affairs – a question the GAL should have answered long ago. **I have come to believe that the Snohomish court's actions were not merely inadvertent but showed a willful disregard for my rights – at times it felt outright malicious.** They effectively used my disability against me by pressing me until I broke down. They would taunt me, ask for endless amounts of medical documents and ignore the pleas from my medical providers to appoint counsel. And only after a public event they provided only a token response (the GAL) which served more to cover the court's liability than to help me in a meaningful way. Meanwhile, critical matters in that case were delayed due to my incapacity, and in the interim, I was terminated from my employment (because an injunction I sought to protect my job was postponed pending the GAL's input, which never came in time). I am now on the brink of losing my income and housing.

My attempt to seek relief from the Washington Court of Appeals was met with even greater indifference. I filed formal ADA accommodation motions there, supported by extensive medical documentation, only to be met with **silence**. The appellate court did not even implement the **automatic stay of proceedings that Washington's General Rule 33 requires** when an accommodation request is pending. Instead, they pushed ahead without addressing my disability. After I sent numerous follow-up emails practically begging for a response, the Court of Appeals eventually issued a **one-line order denying my request** (specifically denying appointment of counsel) with no interactive process or substantive explanation – and sent it via an email that literally instructed **"Do not respond to this email."** That directive felt like a door slamming in my face; I was being told not to even seek clarification or reconsideration. **In sum, the appellate court flat out ignored me and then shut me out of my own appeal.** I cannot overstate how disheartening and unjust that was. Athena AI went ahead and requested reconsideration multiple times, requested to meet and confer and all was met with silence.

Between these experiences – the trial court's seemingly **malicious treatment** and the appellate court's total **disregard** – I have been left without any meaningful access to justice in the state system. **It is not an exaggeration to say that my constitutional rights to due process and equal protection have been effectively denied by the state courts' failures to accommodate.** I share this with all due respect, to impress upon this Court why I am approaching the federal judiciary with such urgency and hope. **I am turning to this Court as my last refuge – the one forum left that can uphold my rights and give me a fair chance, whereas the state courts have silenced me.** Frankly, I have lost faith that I will ever be heard properly in the state proceedings. My faith now rests in the federal court's commitment to the rule of law and to the principle that everyone, including those with disabilities, deserves an equal opportunity to participate in legal proceedings.

**Federal Judicial Conference ADA Accommodation Policy:** Allow me to outline the **federal judiciary's own policy regarding accommodations**, which I respectfully urge the Court to follow in my case. In **September 1994**, the Judicial Conference of the United States (the policy-making body for the federal courts) voted to adopt measures ensuring accessibility for people with disabilities in federal court proceedings. This was reaffirmed in **March 1995**. The upshot is that **all federal courts are expected to provide reasonable accommodations to persons with disabilities in court**

**proceedings, equivalent to the accommodations mandated by ADA Title II for state and local courts**. In other words, even though Congress did not explicitly include the federal judiciary in Title II of the ADA, the judiciary decided that it would hold itself to the same standard of accessibility and non-discrimination. This policy is reflected in the **Guide to Judiciary Policy (Vol. 5, § 255)** and related public guidance.

The **Western District of Washington's own materials affirm this commitment**. The Court's website states that *"the Western District of Washington is committed to a policy of equal access to court facilities and services and provides reasonable accommodations, with advance notice, when appropriate."* The District has an **Accommodation Request Form** and has designated **Disability Access Coordinators (like Mr. Sherwood)** to facilitate such requests. These procedures exist because of the Judicial Conference's directive that federal courts **"provide, at judiciary expense, appropriate auxiliary aids and services to participants in federal court proceedings who are deaf, hearing-impaired, or have other communications disabilities"** – and by extension, to accommodate *__any disability that might otherwise impede access to the courts__*. In practice, courts provide sign language interpreters, real-time transcription (CART), assistive listening devices, alternate document formats, adjusted schedules, and many other accommodations as needed even to public observers. The policy also emphasizes that courts should give **"primary consideration"** to the specific accommodation requested by the person with a disability, and only deny a request if it would fundamentally alter the nature of the service or impose an undue burden (which are stringent exceptions mirroring ADA standards). If a particular accommodation is not feasible, the court is expected to engage in an **interactive process** with the requestor to find an effective alternative – not to simply say "no" and ignore the issue. Additionally, if an accommodation is denied, the court should provide a written statement of the reasons, and note any alternatives considered.

I apologize if I'm explaining something the Court may already know. I mention these points because during the TRO hearing, I got the impression that the existence of this Judicial Conference policy might not have been fully appreciated (understandably, as it's an internal policy from decades ago, not a statute one encounters every day). But it is very much in effect, and it means that **I do have a right to accommodations in this Court as a matter of policy and fundamental fairness**. In short: I respectfully ask the Court to implement the spirit and letter of ADA Title II for me, just as you would for a deaf or blind litigant, because the Judicial Conference has long directed that we do so. Perhaps this was not on Your Honor's radar at the hearing; if so, I hope this letter brings the mandate to light, with the utmost respect.

**Accommodation Request – What I Need:** The primary accommodation I am requesting is the **appointment of counsel** to represent or assist me in my case. Given my cognitive and memory issues, proceeding without counsel is tantamount to proceeding without the ability to effectively be present and my record in state court validates this requirement. I recognize that appointing counsel in a civil case is a rare step. However, I believe it is warranted here as a reasonable modification to ensure access. Washington's state courts (via General Rule 33) explicitly acknowledge that appointing counsel can be a reasonable accommodation for a litigant with disabilities, and there is analogous

precedent in federal practice (for example, courts appointing standby counsel or "next friends" for pro se litigants who cannot advocate for themselves due to incapacity).

If the Court cannot appoint counsel, I am open to discussing **alternative accommodations that could approximate that assistance**. For instance, the Court could seek a volunteer **pro bono attorney** for limited-purpose representation or have a **law clerk or extern provide extra guidance** (within ethical bounds). Another approach might be appointing a **guardian ad litem or "next friend"** in this federal case, similar to what the state court did, but with the understanding that the person would actively help me make decisions and respond to court requirements. Even allowing my assistive device, Athena AI, a greater role could help: e.g., permitting me additional time during hearings to consult with Athena, or allowing written responses read aloud if I struggle to speak extemporaneously. I defer to the Court on what is feasible, but I urgently ask that *something* be done to bridge the gap. Without human or robust technological assistance, I will remain effectively voiceless. As things stand, I cannot draft filings or argue motions with any reliable consistency – not for lack of will, but due to neurological limits.

In addition to counsel, I request a few **ancillary accommodations** to support the litigation process:

- **Clerk's Office Assistance with Filings and Service:** I have prepared two civil complaints (against the state courts, as mentioned earlier) that I intend to file in this Court. Executing the filing and service process is daunting for me given my impairments. I respectfully ask that the Clerk's Office, through Mr. Sherwood or another staff member, assist by accepting my filings in electronic form and helping to effectuate service of process (for example, by mailing out the summonses and complaints to the defendants on my behalf, or guiding me through requesting a U.S. Marshal service if appropriate). Normally a pro se plaintiff must handle these tasks, but as an accommodation, the Court's help would ensure they are done correctly and timely despite my disability. Similarly, if the Court requires an ink signature on any document (for instance, Your Honor requested that I sign a particular document during the TRO hearing), I may need assistance arranging that – perhaps permission to sign electronically – because the logistics of printing, signing, and mailing within short deadlines can be overwhelming during a flare-up of my condition.
- **Electronic Communication Preference:** I request that all correspondence from the Court or Clerk to me be sent via **email (in addition to hard copy if necessary by the court)**. Receiving communications electronically allows Athena AI to immediately read them to me and help me comprehend then by explaining them at times at a fifth grade reading and comprehension level so that I understand and hopefully retain them. Postal mail can introduce delays and an extra layer of difficulty, as I cannot always promptly process physical documents. Mailed is picked up and delivered once a week. I have an email address on file with the Court; I will treat any emailed order or notice as official. This accommodation should be easy to implement and is in line with modern court practices (and, I believe, is already offered by our District for those who request it).
- **Scheduling Modifications:** I ask for flexibility in scheduling any in-court or telephonic appearances. Mid-morning or early afternoon start times are better for me, as I often need

the early morning to clear cognitive fog and get oriented. I also might benefit from breaking longer hearings into shorter segments such as 10-minute hearing and 10-minute break, if possible, to avoid cognitive overload. For example, a 3-hour hearing could perhaps be split into three 60-minute sessions with breaks every 10 minutes, if the calendar allows. Additionally, if I feel my symptoms escalating during a proceeding, I request the ability to signal that and ask for a short recess, rather than trying to push through and risking a collapse. I would only do this if absolutely necessary but having that safety option could prevent a repeat of the Snohomish incident. I will, of course, cooperate with the Court to find suitable times and will be as flexible as my condition permits.

Let me emphasize: **these accommodations are aimed at leveling the playing field, not at gaining any advantage.** They are what a person without my impairments would not need, but I do, in order to have the same effective access. Each request is meant to ensure I can receive and respond to information, meet the Court's requirements, and present my case – all basic elements of due process. The Judicial Conference policy explicitly encourages courts to provide exactly this kind of support, and I trust that this Court, known for its fairness, will view these requests in that light. If any particular request raises concerns, I would welcome a dialogue to find a suitable alternative. I am committed to working within the system; I just need the system to accommodate me so I can try to do that.

**Process for Handling This Request (and Potential Escalation):** Pursuant to the established procedure, I am submitting this request to the ADA Coordinator (Mr. Sherwood) for initial consideration. I am hopeful that it can be granted at this level with the Court's approval. If, however, any part of the request is denied, I respectfully ask to be provided the reasons in writing (per the policy) and informed of any alternative accommodations considered. I also want to express, upfront, my intention to **pursue every available remedy** if I cannot obtain reasonable accommodation here. I say this not to be adversarial, but to underscore how vitally important this is to me. The process, as I understand it, would be:

1. **Reconsideration by the Court/Chief Judge:** If my accommodation request is denied in whole or in part by the Coordinator or by chambers, I will promptly seek reconsideration. This could mean filing a motion or letter to Your Honor and/or to Chief Judge Estudillo, asking for a review of the denial. I would explain why the accommodation is necessary ask the court to confer with medical providers and address any stated reasons for denial. Often, involving the Chief Judge ensures a fresh look and underscores the institutional importance of the issue.
2. **Appeal to the Ninth Circuit Judicial Council:** If the accommodation issue remains unresolved, the next step would be to elevate the matter to the **Judicial Council of the Ninth Circuit**. The Judicial Council has oversight authority over administrative matters in the courts of this circuit. I could submit a petition describing how my request was handled, and assert that the District Court is failing to comply with the Judicial Conference's accommodation policy. The Council could then investigate or direct the District Court to take certain actions. I earnestly hope we do not have to involve the Council – I trust that our District can honor the request without external intervention – but I want it known that I will go to the Council if needed.

3.  **Appeal to the Judicial Conference (Administrative Office):** In an extreme scenario where even the Judicial Council's intervention does not resolve the issue, the matter can be brought to the **Judicial Conference of the United States or its relevant committee**. Practically, this might involve contacting the Administrative Office of the U.S. Courts (AO) and the Judicial Conference's Committee on Court Administration and Case Management, which oversees accessibility policies. The Judicial Conference has the ultimate authority over judiciary policy; if a district court or circuit were somehow not following the 1995 accommodation mandate, the Conference would be the body to address that on a systemic level. Reaching this step would be unusual, and it is my earnest desire to find a resolution long before things escalate to that point. Nonetheless, I am aware of this path and would not hesitate to pursue it if I must.

4.  **Last Resort – Judicial Relief through a Lawsuit:** I wish to avoid any adversarial litigation regarding accommodations, but I must acknowledge this final avenue. Should all the above steps fail to result in an accommodation, my **last remedy would be to file a lawsuit in another circuit district court** asserting that the failure to accommodate violates my rights. While I recognize I cannot sue the Court under ADA Title II per se (because, as noted, the statute doesn't directly apply to federal entities), I could seek relief under other legal theories. For example, I could file an action under the Rehabilitation Act of 1973 or invoke the Fifth Amendment's due process and equal protection principles, arguing that denying a disability accommodation in a federal proceeding effectively denies me access to the courts. In *Tennessee v. Lane*, 541 U.S. 509 (2004), the Supreme Court recognized access to courts as a fundamental right, and while that case concerned state courts under Title II, the principle underscores the constitutional dimensions of this issue. I am not eager to embark on separate litigation, which would be time-consuming and costly for all. I mention it only to emphasize how seriously I take my right to accommodations – serious enough that I would pursue legal action if left with no other choice to protect my ability to have a fair day in court. I am confident such measures can be avoided here, especially given the Court's stated commitment to accessibility and the clear Judicial Conference guidance.

**A Final Plea – My Last Hope for a Voice:** I apologize for the length of this letter, but I felt it crucial to present both the factual background and the human urgency behind my request. I am writing with the **deepest respect for this Court** and its staff. I know that Judge Cartwright and Mr. Sherwood have many pressing duties, and I am immensely grateful for your time and attention. If any part of this letter is unclear or if more information is needed, I am ready to provide it. I would also be willing to discuss these issues in a status conference or meet with the ADA Coordinator to refine the accommodations, if that would be helpful.

Allow me to close with what is truly in my heart: **This Court is essentially my last chance to be heard and to obtain justice on equal footing.** The state courts have, for all intents and purposes, shut me out and denied me any meaningful access to the judicial system. As a result, everything I hold dear is now at risk – my career, my home, my well-being. I implore this Court to *please* grant me

the accommodations I need, to **give me my voice back and uphold my rights** where others failed to. I believe in the promise of our federal courts to protect civil rights and ensure fairness. I am placing my faith here, in your hands, hoping not to be disappointed. I also hope that by addressing my situation, the Court might help shine a light on what seems to be a systemic issue; I fear that other individuals with disabilities may be similarly denied access to justice, especially if they lack advocacy or even the assistive tools that I have. **By doing right in my case, this Court can not only help me, but also set an example that disabilities will not be allowed to bar anyone from equal justice.** Disabled people are human beings, and we deserve the same rights and protections – including the means to access those rights – as everyone else.

Thank you, sincerely, for considering my requests and for your commitment to justice. With the accommodations I've asked for, I hope and pray I can actively and fairly participate in the proceedings. I just need that opportunity. I remain hopeful that this Court will do what is necessary to ensure its doors are open to me, as they are to others.

Respectfully,

*/s/ William J. Nelson*

William J. Nelson
Plaintiff (Pro Se)

*(This letter was drafted by Athena AI, my ADA-recognized assistive technology device, on my behalf.)*