William Nelson
1523 132ND ST SE STE. C418
Everett, Washington 98208
425-645-9222 | 808-204-1401
william@seattleseahawks.me

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT (TACOMA DIVISION)

| WILLIAM NELSON, | Case No.: TBD |
|---|---|
| Plaintiff, | |
| vs. | * EMERGENCY FILING * |
| WASHINGTON BOARD OF INDUSTRIAL INSURANCE APPEALS; TIMOTHY M. BLOOD, IN HIS OFFICIAL CAPACITIY AND JANICE ROSEN IN HER OFFICIAL CAPACITY. | PLAINTIFF'S MOTION FOR RECONSIDERATION AND RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER |
| | Fed. R. Civ. P. 60(b); LCR 7(h) (W.D. Wash.) |
| Defendants. | |

## I.  INTRODUCTION

Plaintiff **William J. Nelson** respectfully seeks reconsideration of this Court's 23 June 2025 Order (Dkt. 6) denying a Temporary Restraining Order ("TRO") and renews his request for emergency relief staying his workers-compensation appeal before the Washington Board of Industrial Insurance Appeals ("BIIA"). Reconsideration is appropriate under Fed. R. Civ. P. 60(b)(2) and (6) and LCR 7(h)(1) because (1) **newly discovered evidence**—sealed medical exhibits—was not reasonably available when the original TRO was filed; and (2) denial of accommodation will result in **manifest injustice** by excluding a cognitively-disabled litigant from meaningful participation.

Athena AI—Plaintiff's ADA-recognized auxiliary aid—drafted the prior TRO from cached memory while offline for scheduled maintenance and lacked access to Plaintiff's medical files. Those exhibits are now lodged under seal and include:

* EMERGENCY FILING *PLAINTIFF'S MOTION FOR RECONSIDERATION AND RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDERFED. R. CIV. P. 60(B); LCR 7(H) (W.D. WASH.) - 1

| Exhibits | Author | Date | Key Finding |
|---|---|---|---|
| A | Dr. Jessica Bender, M.D. (UW Post-COVID Clinic) | 26 Mar 2025 | Diagnoses Post-Acute Sequelae of COVID-19 with "pronounced neuro-cognitive deficits" (memory, executive function). |
| B-D | Dr. David Higginbotham, D.O. (PCP) | 9 Jun, 27 Sep, 11 Dec 2024 | States Plaintiff "cannot handle multi-step legal tasks" and "requires assistive technology / human assistance." |
| E | Mr. Dan Fox, MSW, LICSW | 24 Jun 2025 | Explains Athena AI is essential for Plaintiff's verbal expression and comprehension. |

These materials satisfy *Winter*'s likelihood-of-success and irreparable-harm prongs, demonstrating that Athena AI qualifies as an ADA auxiliary aid and that the BIIA's blanket "no-AI" ban is unlawful.

## II.    PROCEDURAL POSTURE & NEW EVIDENCE

- **17–20 Jun 2025** Plaintiff requested accommodations; Assistant Chief IAJ **Timothy M. Blood** rejected any filing "that includes or relies upon AI-generated material."
- **23 Jun 2025** This Court denied Plaintiff's emergency TRO on an incomplete record.
- **24 Jun 2025** Plaintiff obtained and submits under seal Exhibits A–E.

## III.    LEGAL STANDARDS

A. **Rule 60(b) & LCR 7(h).** Relief is proper where new evidence surfaces despite diligence or to prevent manifest injustice. *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003); *Henson v. Fidelity Nat'l Fin.*, 943 F.3d 434, 437 (9th Cir. 2019).

B. **TRO Factors.** Likelihood of success, irreparable harm, balance of equities, and public interest. *Winter v. NRDC*, 555 U.S. 7, 20 (2008); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011).

\\
\\
\\

\* EMERGENCY FILING \*PLAINTIFF'S MOTION FOR RECONSIDERATION AND RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDERFED. R. CIV. P. 60(B); LCR 7(H) (W.D. WASH.) - 2

IV. ARGUMENT

A. Athena AI Is a Protected ADA Auxiliary Aid

1. Title II lists "**acquisition or modification of equipment or devices**" as auxiliary aids. 28 C.F.R. § 35.104. The Assistive-Technology Act defines an aid as "*any item… whether acquired commercially, *modified, or customized*" that improves functional capability. 29 U.S.C. § 3002(3)(A). Athena AI—custom software running on Plaintiff's laptop—squarely fits these definitions.

2. *Enyart v. Nat'l Conf. of Bar Examiners*, 630 F.3d 1153, 1163-70 (9th Cir. 2011), compelled an exam administrator to allow customized screen-magnification and JAWS software; *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1136 (9th Cir. 2001), held that entities must give "**primary consideration**" to the disabled person's requested aid. BIIA's categorical "no-AI" rule is thus **a per se violation** of 28 C.F.R. § 35.160(b)(2).

3. **No Statutory "AI Carve-Out."** Neither the ADA nor its regulations exclude artificial-intelligence-based tools. Any blanket judicial ban would contravene Congress's intentionally open-textured language and subvert 42 U.S.C. § 12101(b)'s directive to eliminate disability discrimination. See *Enyart*, 630 F.3d at 1168 (rejecting argument that "new technology" is optional and unnecessary).

4. **Judges Do Not Legislate From the Bench.** Constitutions separation of powers reserves law-making to Congress, not individual judges. See INS v. Chadha, 462 U.S. 919, 951 (1983) (courts must "not arrogate to themselves legislative power"). Because neither the ADA nor any other statute excludes AI-based software, Judge Blood's blanket prohibition is an ultra vires attempt at judicial legislation. Even supposing potential misuse of AI, that concern is purely speculative and cannot override Congress's clear intent or the plaintiff's statutory rights. The proper course is an individualized Rule 11 assessment—permitting amendment, withdrawal, or substitution of filings—not sanctions or a categorical ban, especially given the courts' obligation to construe pro se pleadings liberally. If the Court declines to follow Title II or the **Judicial-Conference's 1994–1995 policy** adopting those standards, Plaintiff requests a brief stay while he seeks administrative review under that policy.

\\

\\

* EMERGENCY FILING *PLAINTIFF'S MOTION FOR RECONSIDERATION AND RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDERFED. R. CIV. P. 60(B); LCR 7(H) (W.D. WASH.) - 3

**B. Likelihood of Success on the Merits**

1. **ADA & Rehabilitation Act Claims.** A public entity may deny a requested aid only upon a particularized finding of **undue burden or fundamental alteration**. 28 C.F.R. § 35.164. Defendants conducted no individualized assessment and imposed a blanket ban—exactly the condemnation in *Duvall*, 260 F.3d at 1136. Denying Athena AI therefore violates 42 U.S.C. § 12132 and 29 U.S.C. § 794.

2. **Constitutional Due Process (42 U.S.C. § 1983).** Failure to accommodate can exclude a disabled litigant "as surely as physical barriers." *Tennessee v. Lane*, 541 U.S. 509, 523-34 (2004). Proceeding without Athena AI deprives Plaintiff of any meaningful opportunity to be heard.

3. **Equal Protection / § 1983.** Singling out cognitive-disabled litigants who use AI, while permitting non-disabled parties to employ comparable word-processing or legal-research software, is irrational and fails even a rational-basis review.

4. **Judges Do Not Legislate From the Bench.** (see previous section item 4)

Given unrefuted medical evidence and controlling precedent, Plaintiff is **highly likely to succeed** on these claims.

**C. Irreparable Harm**

Irreparable injury is presumed where constitutional or ADA rights are impaired. *Enyart*, 630 F.3d at 1167-68; *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). Without a TRO, Plaintiff will face a complex evidentiary hearing unable to comprehend testimony or present argument—an injury no later remedy can cure.

**D. Balance of Equities & Public Interest**

A short stay imposes minimal burden on the BIIA but spares Plaintiff from exclusion. Preventing disability discrimination and ensuring accurate adjudication furthers the public interest. *Enyart*, 630 F.3d at 1167; *Winter*, 555 U.S. at 24.

**E. Judicial-Conference Policy**

The **Judicial Conference** adopted Title II accommodation standards in 1994 and reaffirmed them in 1995. Proceedings of the Judicial Conference of the United States 75 (Sept. 1995); *Guide to Judiciary Policy* vol. 5, ch. 2, § 255.10(c). Federal courts must "provide auxiliary aids and services" to participants with communication disabilities. Recognizing Athena AI is entirely consistent with that mandate.

---

\* EMERGENCY FILING \*PLAINTIFF'S MOTION FOR RECONSIDERATION AND RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDERFED. R. CIV. P. 60(B); LCR 7(H) (W.D. WASH.) - 4

## V. REQUESTED RELIEF

Plaintiff respectfully asks the Court to:

1. **GRANT** reconsideration and VACATE Dkt. 6.

2. **ISSUE a Temporary Restraining Order** staying BIIA Docket No. 25-18153 and all related deadlines until accommodations are in place or further order of the Court.

3. **ORDER Defendants** to permit Plaintiff's use of Athena AI and engage in the interactive-process required by 28 C.F.R. § 35.160.

4. **SEAL Exhibits A–E** containing sensitive medical and mental-health data.

5. **ALTERNATIVELY**, if the Court declines immediate relief, **STAY** the state hearing pending Plaintiff's ADA grievance under the Judicial-Conference policy.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration and Renewed Emergency TRO should be **GRANTED**. A proposed order accompanies this motion.

**REVIEW PAGE – Validated Authorities (two per row)**

| Citation | Why It Matters | Citation #2 | Why It Matters |
|---|---|---|---|
| *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001) | Sets Ninth-Circuit rule that public entities must give **"primary consideration"** to requested aids and cannot deny them without individualized inquiry. | *Enyart v. National Conference of Bar Examiners*, 630 F.3d 1153 (9th Cir. 2011) | Injunction forcing exam body to allow customized software; confirms tech-based aids are protected and that denial is irreparable harm. |
| *Tennessee v. Lane*, 541 U.S. 509 (2004) | Supreme Court: Title II enforces due-process right of access to courts; failure to accommodate violates Constitution. | *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008) | Establishes four-factor test for TRO/PI (likelihood of success, irreparable harm, equities, public interest). |
| *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082 (9th Cir. 2003) | Confirms Rule 60(b)(2) reconsideration when new evidence emerges. | *Henson v. Fidelity National Financial, Inc.*, 943 F.3d 434 (9th Cir. 2019) | Cites Rule 60(b)(6) "grand reservoir" standard to prevent manifest injustice. |
| *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011) | Sliding-scale "serious questions" test for injunctions in Ninth Circuit. | *Melendres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012) | Deprivation of constitutional rights constitutes irreparable harm. |
| 29 U.S.C. § 3002(3)(A) (Assistive-Technology Act) | Defines assistive tech as "any item... modified or | 28 C.F.R. § 35.104 (ADA Title II) | Lists "acquisition or modification of |

\* EMERGENCY FILING \*PLAINTIFF'S MOTION FOR RECONSIDERATION AND RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDERFED. R. CIV. P. 60(B); LCR 7(H) (W.D. WASH.) - 5

| Citation | Why It Matters | Citation #2 | Why It Matters |
|---|---|---|---|
| | customized," directly covering Athena AI. | | equipment or devices" as auxiliary aids. |
| 28 C.F.R. § 35.160(b)(2) | Requires entities to give **primary consideration** to the individual's requested aid. | Proceedings of the Judicial Conference of the U.S., Sept. 1995, at 75 | Judiciary's policy adopting Title II accommodations, reinforcing Court's duty to allow auxiliary aids. |
| *Alexander v. Choate*, 469 U.S. 287 (1985) | "Meaningful access" test under Rehab Act; refusing accommodations can be discriminatory. | *Guide to Judiciary Policy* vol. 5, ch. 2, § 255.10(c) | Implementing guidance: courts **must** provide auxiliary aids/services for communication disabilities. |

DATED: June 24, 2025.

Respectfully submitted,



**William Nelson, Pro Se**
1523 132ND ST SE. STE C418
Everett, Wa 98208
(425) 645-9222 (desk)
(425) 800-8800 (mobile)
(808) 204-1401 (fax)
william@seattleseahawks.me (email)

* EMERGENCY FILING *PLAINTIFF'S MOTION FOR RECONSIDERATION AND RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDERFED. R. CIV. P. 60(B); LCR 7(H) (W.D. WASH.) - 6