1  William Nelson                                              HON. JUDGE DAVID G. ESTUDILLO
   1523 132ND ST SE STE. C418
2  Everett, Washington 98208
   425-645-9222 | 808-204-1401
3  william@seattleseahawks.me

4

5                                    UNITED STATES DISTRICT COURT

6                          WESTERN DISTRICT OF WASHINGTON AT (TACOMA DIVISION)

7  WILLIAM NELSON,                                  Case No.: TBD

8                           Plaintiff,

9  vs.                                              PLAINTIFF'S MOTION TO SEAL EXHIBITS A–D
                                                    ATTACHED TO PLAINTIFF'S MOTION FOR
10 WASHINGTON BOARD OF INDUSTRIAL                   RECONSIDERATION
   INSURANCE APPEALS; TIMOTHY M. BLOOD, IN
11 HIS OFFICIAL CAPACITIY AND JANICE ROSEN          Noted for Consideration: Same Day (LCR 7(d)(1))
   IN HER OFFICIAL CAPACITY.
12

13                          Defendants.

14

15                                          I. INTRODUCTION

16 Pursuant to Local Civil Rule 5(g) and Federal Rule of Civil Procedure 26(c), Plaintiff **William J. Nelson**

17 respectfully moves for an order permitting Exhibits **A–D** to his contemporaneously filed **Motion for**

18 **Reconsideration** to be maintained under seal **from public view only.** The exhibits contain highly sensitive personal

19 medical information, protected health-care records, and unredacted personal identifiers. Disclosure on the public

20 docket would invade privacy interests and contravene federal and state law.

21 **Access for Defendants.** Defendants are *not* being denied access. They already received identical copies of these

22 records during ADA-accommodation discussions and will again receive unredacted PDFs through CM/ECF service

23 at the time of filing. Thus the requested sealing affects only the general public.

24 The request is *narrowly tailored*: only the four exhibits are to be sealed; all briefing remains public.

25 \\

26 \\

27 \\

28 PLAINTIFF'S MOTION TO SEAL EXHIBITS A–D ATTACHED TO PLAINTIFF'S MOTION FOR
   RECONSIDERATIONNOTED FOR CONSIDERATION: SAME DAY (LCR 7(D)(1)) - 1

## II. LCR 5(g)(3) CERTIFICATION

On June 24, 2025 Plaintiff (pro se, assisted by ADA-recognized assistive technology "Athena AI") **e-mailed Defendants** stating that Plaintiff intended to move to seal Exhibits A–D from public view while providing full copies to Defendants via email. **No Defendant stated opposition.** This satisfies LCR 5(g)(3)(A).

## III. LEGAL STANDARD

Because the Motion for Reconsideration is non-dispositive, the **"good-cause"** standard applies. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Even under the higher compelling-reasons test, privacy interests in medical data warrant sealing. The request must also be **narrowly tailored** (LCR 5(g)(3)(B)).

## IV. ARGUMENT

1. **Exhibits Contain Protected Medical Information.** Exhibits A–D comprise long-COVID diagnostic records, physician letters, medication histories, and financial identifiers. Public disclosure would violate HIPAA, 45 C.F.R. § 164.502; the Washington Uniform Health Care Information Act, RCW 70.02; and common-law privacy.
2. **Redaction Is Inadequate; Sealing Is Limited to the Public.** Redacting names or account numbers would strip the exhibits of the context needed for the Court's review, while full sealing is unnecessary for party access. Plaintiff therefore seeks sealing **only as to the public**; Defendants will receive the complete, unredacted documents simultaneously via CM/ECF.
3. **Narrow Tailoring.** No other document is sealed; the docket will reflect placeholders so citations align.

## V. CONCLUSION

Plaintiff respectfully requests that the Court **GRANT** this Motion and enter the attached proposed order directing the Clerk to file Exhibits A–D under seal for public access, while allowing full access to all parties, or, if sealing is denied, permitting Plaintiff to withdraw the exhibits under LCR 5(g)(6).

\\

\\

PLAINTIFF'S MOTION TO SEAL EXHIBITS A–D ATTACHED TO PLAINTIFF'S MOTION FOR RECONSIDERATIONNOTED FOR CONSIDERATION: SAME DAY (LCR 7(D)(1)) - 2

VI. AUTHORITIES AND LINKS

- LCR 5(g) (W.D. Wash.) –

    https://www.wawd.uscourts.gov/sites/wawd/files/LocalRulesWAWD.pdf#page=29

- Fed. R. Civ. P. 26(c) –

    https://www.law.cornell.edu/rules/frcp/rule_26

- Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172 (9th Cir. 2006) –

    https://cdn.ca9.uscourts.gov/datastore/opinions/2006/04/24/0457459.pdf

- HIPAA Privacy Rule, 45 C.F.R. § 164.502 –

    https://www.ecfr.gov/current/title-45/subtitle-A/subchapter-C/part-164/subpart-E/section-164.502

- Washington Uniform Health Care Information Act, RCW 70.02 –

    https://app.leg.wa.gov/rcw/default.aspx?cite=70.02

DATED: June 24, 2025.

Respectfully submitted,

_____
**William Nelson, Pro Se**
1523 132ND ST SE. STE C418
Everett, Wa 98208
(425) 645-9222 (desk)
(425) 800-8800 (mobile)
(808) 204-1401 (fax)
william@seattleseahawks.me (email)

PLAINTIFF'S MOTION TO SEAL EXHIBITS A–D ATTACHED TO PLAINTIFF'S MOTION FOR RECONSIDERATIONNOTED FOR CONSIDERATION: SAME DAY (LCR 7(D)(1)) - 3