1   William Nelson                                          **HON. JUDGE DAVID G. ESTUDILLO**
    1523 132ND ST SE STE. C418
2   Everett, Washington 98208
    425-645-9222 | 808-204-1401
3   william@seattleseahawks.me

4

5                   UNITED STATES DISTRICT COURT

6         WESTERN DISTRICT OF WASHINGTON AT (TACOMA DIVISION)

7   **WILLIAM NELSON,**                          Case No.: 3:25-cv-05551-DGE

8              **Plaintiff,**

9   **vs.**                                      **PLAINTIFF'S MOTION**
                                                  **(1) TO REQUIRE SWORN**
10  **WASHINGTON BOARD OF INDUSTRIAL**                **DECLARATIONS FROM**
    **INSURANCE APPEALS ET AL.**                       **CHAMBERS PERSONNEL;**
11                                                **(2) TO ENSURE IMPARTIAL,**
                                                      **ADA-COMPLIANT REVIEW OF**
12                                                    **PRO SE FILINGS; AND**
                                                  **(3) TO REQUIRE DE NOVO**
13                                                    **JUDICIAL REVIEW OF**
                                                      **FUTURE RECOMMENDATIONS**
14             **Defendants.**                    **NOTE ON MOTION CALENDAR – LCR 7(D)(3)**

15

16                   I.      **RELIEF REQUESTED**

17  Plaintiff **William Nelson** moves the Court to enter an order that:

18      1.  **Sworn Declarations.** Within fourteen (14) days, each chambers employee (law clerk, staff attorney, or

19          judicial assistant) who assisted in preparing, editing, or recommending the **June 23, 2025, Order denying**

20          **Plaintiff's TRO** shall file a declaration under 28 U.S.C. § 1746:

21              •   affirming they harbor **no bias or prejudice** against pro se litigants, disabled litigants (including

22                  those with long-COVID cognitive impairments), or litigants who rely on computer software or AI

23                  assistance; and

24              •   describing **the process, authorities consulted, and reasoning** used when drafting or

25                  recommending that order.

26

27  PLAINTIFF'S MOTION  (1) TO REQUIRE SWORN     DECLARATIONS FROM     CHAMBERS
    PERSONNEL;  (2) TO ENSURE IMPARTIAL,     ADA-COMPLIANT REVIEW OF     PRO SE FILINGS;
28  AND  (3) TO REQUIRE DE NOVO     JUDICIAL REVIEW OF     FUTURE RECOMMENDATIONSNOTE
    ON MOTION CALENDAR – LCR 7(D)(3) - 1

2. **Liberal-Construction Directive.** The Court re-affirms that all of Plaintiff's pro se filings **must be liberally construed** under *Haines v. Kerner*, 404 U.S. 519 (1972) and *Erickson v. Pardus*, 551 U.S. 89 (2007), and instructs chambers staff to apply that precedent in all future screening or drafting.

3. **ADA Interactive Process.** Chambers personnel and the Clerk's Office shall engage in the interactive process required by Title II of the ADA and § 504 of the Rehabilitation Act to provide reasonable accommodations for Plaintiff's documented cognitive disability, including acceptance of AI-assisted filings.

4. **De Novo Review.** Before issuance, **any proposed order, report, or recommendation that would dismiss, limit, or adversely affect Plaintiff** shall be reviewed de novo by the Court for compliance with the liberal-construction mandate and ADA obligations.

5. **Status Conference.** The Court sets a status conference at the earliest available date to address accommodations, resolve procedural concerns, and set an equitable schedule.

## II.    BACKGROUND

1. **TRO Denied on Procedural Grounds.** On June 23, 2025, the Court denied Plaintiff's emergency TRO exclusively on service defects and "insufficient information," without addressing the merits of his ADA claim.

2. **Emergency Reconsideration Ignored.** The next day, June 24, 2025, Plaintiff filed an **Emergency Motion for Reconsideration** that supplied sealed medical letters and a therapist's statement confirming severe cognitive limitations and the need for assistive technology. To date **no action has been taken** on that emergency motion, magnifying the appearance that chambers staff deprioritized or overlooked it.

3. **Handbook-Driven Bias Risk.** The *Federal Law Clerk Handbook* tells pro se law clerks to "screen … complaints … and prepare … orders of dismissal" but says nothing about liberal construction or ADA accommodations. That emphasis on procedural triage—without counterbalancing guidance—invites over-reliance on technicalities.

PLAINTIFF'S MOTION  (1) TO REQUIRE SWORN     DECLARATIONS FROM     CHAMBERS PERSONNEL; (2) TO ENSURE IMPARTIAL,     ADA-COMPLIANT REVIEW OF     PRO SE FILINGS; AND  (3) TO REQUIRE DE NOVO     JUDICIAL REVIEW OF     FUTURE RECOMMENDATIONSNOTE ON MOTION CALENDAR – LCR 7(D)(3) - 2

1

4.  **Impartiality Standards.** The same handbook cautions that **all parties must receive impartial treatment**, echoing Canon 3 of the Code of Conduct for Judicial Employees. Yet the pattern here—TRO denied on form, emergency motion ignored—suggests chambers may be filtering rather than fairly evaluating a cognitively disabled pro se litigant's filings.

### III.    ARGUMENT

#### A.  Failure to Act on an Emergency Motion Signals Possible Bias

Ignoring an emergency reconsideration motion supported by medical evidence contradicts chambers' duty of impartial diligence. The omission is particularly acute where Plaintiff offered sealed exhibits documenting cognitive disability and the indispensability of his AI-based auxiliary aid. Such inaction heightens the need for transparency about how staff decide which filings merit prompt attention.

#### B.  Pro Se Pleadings Must Be Liberally Construed

*Haines* and *Erickson* require courts to read pro se pleadings "less stringently." A TRO request alleging ADA exclusion should be evaluated on substance, not procedural imperfections. Staff recommendations focused solely on service and citation issues—without weighing irreparable harm—conflict with controlling precedent.

#### C.  ADA Requires Reasonable Accommodation and Meaningful Access

Title II forbids denying disabled litigants' meaningful access to court proceedings. The Seventh Circuit's decision in *Reed v. Illinois* reversed dismissal where accommodations were refused, calling that refusal a denial of due process. Chambers' silence on Plaintiff's sealed medical evidence raises serious ADA concerns.

\\

\\

\\

\\

\\

PLAINTIFF'S MOTION  (1) TO REQUIRE SWORN    DECLARATIONS FROM    CHAMBERS PERSONNEL; (2) TO ENSURE IMPARTIAL,    ADA-COMPLIANT REVIEW OF    PRO SE FILINGS; AND  (3) TO REQUIRE DE NOVO    JUDICIAL REVIEW OF    FUTURE RECOMMENDATIONSNOTE ON MOTION CALENDAR – LCR 7(D)(3) **-** 3

**D. Sworn Declarations Will Clarify Whether Bias or Misapplication Occurred**

Requiring declarations is narrowly tailored: it imposes minimal burden, fosters transparency, and enables the Court—and any appellate tribunal—to confirm that decisions were made without prejudice against disability, pro se status, or AI usage.

**E. De Novo Review Safeguards Future Filings**

Mandating de novo judicial review of any adverse staff recommendation protects Plaintiff's rights while preserving chambers efficiency. Independent review ensures that liberal-construction and ADA standards are applied before orders issue.

**IV.    CONCLUSION**

Because (1) the TRO was denied on technical grounds, (2) the emergency motion with medical proof was ignored, and (3) the *Law Clerk Handbook* encourages procedural disposal while omitting liberal-construction or ADA guidance, Plaintiff reasonably fears bias. The requested declarations and safeguards will restore confidence that this case will be adjudicated on its merits, consistent with Supreme Court precedent and disability law.

**WHEREFORE,** Plaintiff respectfully requests that the Court grant all relief set forth in Section I.

Respectfully submitted this 26 June 2025.

Respectfully submitted,

_____

**William Nelson, Pro Se**
1523 132ND ST SE. STE C418
Everett, Wa 98208
(425) 645-9222 (desk)
(425) 800-8800 (mobile)
(808) 204-1401 (fax)
william@seattleseahawks.me (email)

PLAINTIFF'S MOTION  (1) TO REQUIRE SWORN     DECLARATIONS FROM     CHAMBERS PERSONNEL; (2) TO ENSURE IMPARTIAL,     ADA-COMPLIANT REVIEW OF     PRO SE FILINGS; AND  (3) TO REQUIRE DE NOVO     JUDICIAL REVIEW OF     FUTURE RECOMMENDATIONSNOTE ON MOTION CALENDAR – LCR 7(D)(3) - 4

1

**EXHIBIT LIST**

2

| Ex. | Description |
|---|---|
| A | *Federal Law Clerk Handbook* (4th Ed.) – highlighting §§ 2.2 & 7.8 (dismissal-screening language). |
| B | Order Denying TRO (Dkt. 6, 23 June 2025). |
| C | Emergency Motion for Reconsideration with sealed medical exhibits (24 June 2025). |
| D | Original TRO Motion (23 June 2025). |
| E | Motion to Affirm Right to Use AI Assistance (25 June 2025). |
| F | ADA accommodation requests and any correspondence reflecting procedural rejections. |

*Exhibits A–E are attached; Exhibit F will be filed as a supplemental compilation of correspondence.*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION  (1) TO REQUIRE SWORN     DECLARATIONS FROM     CHAMBERS PERSONNEL; (2) TO ENSURE IMPARTIAL,     ADA-COMPLIANT REVIEW OF     PRO SE FILINGS; AND  (3) TO REQUIRE DE NOVO     JUDICIAL REVIEW OF     FUTURE RECOMMENDATIONSNOTE ON MOTION CALENDAR – LCR 7(D)(3) **-** 5

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury of the laws of the State of Washington that on the date below a copy of the foregoing document was forwarded for service upon counsel of record as follows:

WASHINGTON STATE BOARD OF            ☐ via U.S. Mail, first class, postage prepaid
INDUSTRIAL INSURANCE APPEALS;        ☐ via Legal Messenger Hand Delivery
TIMOTHY BLOOD                        ☐ via CM/ECF via courts website
JANICE ROSEN                         ☑ via E-mail:
                                          timothy.blood@biia.wa.gov
DEFENDANTS                               janice.rosen@biia.wa.gov


_____
WILLIAM NELSON
Plaintiff Pro Se

PLAINTIFF'S MOTION (1) TO REQUIRE SWORN    DECLARATIONS FROM    CHAMBERS PERSONNEL; (2) TO ENSURE IMPARTIAL,    ADA-COMPLIANT REVIEW OF    PRO SE FILINGS; AND (3) TO REQUIRE DE NOVO    JUDICIAL REVIEW OF    FUTURE RECOMMENDATIONSNOTE ON MOTION CALENDAR – LCR 7(D)(3) - 6