1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM NELSON,

                  Plaintiff,

    v.

WASHINGTON BOARD OF
INDUSTRIAL APPEALS et al.,

                  Defendants.

CASE NO. 3:25-cv-05551-DGE

ORDER ADDRESSING
PLAINTIFF'S MOTION TO
AFFIRM USE OF COMPUTER
SOFTWARE PROGRAMS (DKT.
NO. 11)

Plaintiff moves the Court for an order affirming his use of an artificial intelligence ("AI") software program to litigate his case. (Dkt. No. 11.) Plaintiff asserts he is using an AI program, named Athena AI, "to help research the law, organize evidence, and draft court papers." (*Id*. at 1.) Plaintiff further explains Athena AI "collect[s] documents, search[es] case law, format[s] citations, and generate[s] draft motions or perform[s] other tasks always at Mr. Nelson's directions." (*Id*. at 2.) Plaintiff acknowledges he will remain "responsible for everything he files under Federal Rule [of Civil Procedure] 11" and that he will sign all final documents submitted. (*Id*. at 1–2.)

ORDER ADDRESSING PLAINTIFF'S MOTION TO AFFIRM USE OF COMPUTER SOFTWARE PROGRAMS (DKT. NO. 11) - 1

1    Among other things, the Plaintiff appears to assert his AI program should be treated as an

2    "auxiliary aid" for purposes of Title II of the American with Disabilities Act.  (*Id.*)  This, of

3    course, appears to be a central issue in Plaintiff's claim against the Defendants in this litigation.

4    The Court, therefore, offers no ruling on this central issue as such issue will be reviewed once

5    this litigation proceeds with the Defendants' participation.

6    The Court will also note that Title II of the American with Disabilities act does not apply

7    to the federal judiciary.  *Murray v. Murguia*, Case No. 25-cv-01364-WHO, 2025 WL 1442705 at

8    *1 (N.D. Cal. May 9, 2025); *Patrick v. United States Postal Service*, Case No. CV-10-0650-

9    PHX-ECV, 2010 WL 4879161, at *1-*3 (D. Ariz. Nov. 23, 2010) ("It is well-settled, however,

10   that the federal government, *including its district courts*, is exempted from Title II disability

11   discrimination claims" brought under the ADA) (italics added); *Drevaleva v. Department of*

12   *Veteran Affairs*, 885 Fed. Appx. 221, 223 (9th Cir. 2020) ("the federal government is excluded

13   from the coverage of the ADA").

14   The Court is not aware of any formal prohibition in this District on Plaintiff's use of an

15   AI program to assist him in researching the law, organizing evidence, and drafting documents

16   that will eventually be filed with the Court.  However, as Plaintiff acknowledges, Plaintiff

17   remains responsible for signing every "pleading, written motion, and other paper" filed with the

18   Court pursuant to Federal Rule of Civil Procedure Rule 11.  And by "presenting to the court a

19   pleading, written motion, or other paper," Plaintiff is certifying the information is not being

20   presented for an improper purpose, the assertions contained therein are warranted by existing

21   law, there is evidentiary support for any factual contentions, and that denials of any factual

22   contentions are warranted.  Fed. R. Civ. P. 11(b).

23

24

1    Plaintiff is also admonished not to rely on the AI program's legal analysis as AI programs

2    are known to "hallucinate" by identifying citations that do not exist.  In fact, Plaintiff has already

3    submitted at least one brief containing a citation that does not exist.  (*See* Dkt. No. 6 at Pg. 2

4    n.2.)  To reiterate, *Plaintiff is responsible* for verifying that all information and all citations he

5    submits are accurate and real pursuant to Federal Rule of Civil Procedure 11.  If Plaintiff submits

6    inaccurate or "hallucinated" citations, Plaintiff will be subject to sanctions pursuant to Federal

7    Rule of Civil Procedure 11(c).

8        In short, the Court at present finds no basis to prohibit Plaintiff from utilizing any

9    computer program that may assist him in filing documents with the Court.  The Court also offers

10   no opinion at this time whether an AI program, such as Athena AI, is an "auxiliary aid" for

11   purposes of Title II of the American with Disabilities Act.

12       Lastly, this Order applies only to this litigation presently before the undersigned.  This

13   Order has no effect on any other litigation before any other judge, court, or tribunal. Other

14   judges, courts, or tribunals may have different rules or procedures applicable to the use of an AI

15   software program.

16       Dated this 26th day of June, 2025.

17

18

19       David G. Estudillo
         United States District Judge

20

21

22

23

24

ORDER ADDRESSING PLAINTIFF'S MOTION TO AFFIRM USE OF COMPUTER SOFTWARE PROGRAMS
(DKT. NO. 11) - 3