UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM NELSON,<br><br>     Plaintiff,<br> v.<br><br>WASHINGTON BOARD OF<br>INDUSTRIAL APPEALS et al.,<br><br>     Defendants. | CASE NO. 3:25-cv-05551-DGE<br><br>ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 10) |

  Plaintiff moves for reconsideration (Dkt. No. 10) of the Court's June 23, 2025 denial of Plaintiff's motion for a temporary restraining order.

  Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be

granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

In support of his motion for reconsideration, Plaintiff filed medical records which he asserts support and justify his request for a temporary restraining order. Plaintiff claims his artificial intelligence program "drafted the prior TRO from cached memory while offline for scheduled maintenance and lacked access to Plaintiff's medical files." (Dkt. No. 10 at 1.) This representation does not excuse Plaintiff's failure to provide purported evidence in support of his original motion. Plaintiff, not the artificial intelligence program, is responsible for timely filing all relevant information and for certifying there exists sufficient factual and legal support for the relief requested. *See* Fed. R. Civ. P. 11.

Moreover, neither the original motion nor the motion for reconsideration establish Plaintiff is entitled to ex parte relief without having first served the Defendants with process, i.e., the summons and the complaint. The Court will not consider Plaintiff's motion for temporary restraining order until after the summons, the complaint, and a copy of the motion for temporary restraining order have been properly served.

Accordingly, Plaintiff has not established manifest error. Plaintiff's motion for reconsideration is DENIED.

Dated this 26th day of June, 2025.

　　　　　　　　　　　　　　　　　　　　　　　　David G. Estudillo
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 10) - 3