UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM NELSON,<br><br>                Plaintiff,<br>    v.<br><br>WASHINGTON BOARD OF<br>INDUSTRIAL APPEALS et al.,<br><br>                Defendants. | CASE NO. 3:25-cv-05551-DGE<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ACCOMMODATIONS (DKT. NO. 9) |

      Before the Court is Plaintiff's motion for accommodations, which includes a request for appointment of counsel and "ancillary accommodations." (Dkt. No. 9.[1])

**I.    Background**

      Plaintiff filed a complaint for "declaratory, injunctive, and mandamus-type relief" against the Washington Board of Industrial Insurance Appeals, an administrative law judge, and another

---

[1] The motion is filed at Dkt. No. 9, but is a duplicate of Dkt. No. 7-1.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
ACCOMMODATIONS (DKT. NO. 9) - 1

individual[2] (collectively, the "BIIA"). (Dkt. No. 7.) Plaintiff asserts he has an active workers' compensation appeal before the BIIA. (*Id*. at 1.) Plaintiff also asserts he is being prevented from participating in his BIIA appeal because the BIIA has denied his accommodation request(s) in violation of Title II of the American with Disabilities Act. (*Id*.) Specifically, Plaintiff asserts the BIIA is unlawfully preventing Plaintiff from using an artificial intelligence program, Athena AI, to assist him during his BIIA appeal and denying other accommodations, such as alterations to standard procedures and deadlines and appointment of a guardian ad litem. (*Id*. at 3–4.) Plaintiff identifies he suffers from "severe cognitive impairments – including short-term memory loss, executive dysfunction, and disorientation – as a result of long COVID and related neurological damage." (*Id*. at 7.) Plaintiff identifies Athena AI will "draft communications based on his input." (*Id*.)

In support of his present motion, Plaintiff has filed medical records. One record is dated March 26, 2025 and details a telemedicine appointment at Harborview Adult Medicine Clinic. (Dkt. No. 13.) This first medical record provides a summary of Plaintiff's medical history, but does not provide information about Plaintiff's specific limitations. Two letters are from David A. Higginbotham, DO. Dr. Higginbotham opines that Plaintiff is limited in his cognitive abilities including "significant short-term memory retention issues and struggles to retain the details needed for effective communication" and that "his actual ability to engage with the complexities of legal processes is severely compromised." (Dkt. No. 13-3.) However, Dr. Higginbotham does not identify the full extent of Plaintiff's cognitive limitations or provide information explaining Plaintiff's complete cognitive abilities. For example, Dr. Higginbotham does not

---

[2] The other defendant is named Janice Rosen, but it is unclear from the complaint what Janice Rosen's role is in this matter.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ACCOMMODATIONS (DKT. NO. 9) - 2

explain the process by which Plaintiff is able to use Athena AI or how Athena AI is tailored to address Plaintiff's cognitive limitations. The last medical record Plaintiff provides is a letter from an independent clinical social worker. (Dkt. No. 13-4.) As with Dr. Higginbotham, the social work provides no information about Plaintiff's cognitive abilities to use Athena AI, how Plaintiff uses Athena AI, and why Athena AI is tailored to assist Plaintiff.

Notwithstanding Plaintiff's asserted cognitive limitations, in the span of two days Plaintiff filed a motion to proceed in forma pauperis (Dkt. No. 1), a complaint (Dkt. No. 7), a motion for temporary restraining order (Dkt. No. 2), a motion to appoint counsel and for accommodations (Dkt. Nos. 7-1, 9), a motion for reconsideration of the court's order denying Plaintiff's request for a temporary restraining order (Dkt. No. 10), a motion to use computer software programs in this litigation (Dkt. No. 11), and a motion to seal documents (Dkt. No. 12) with the proposed documents to be sealed (Dkt. No. 13). Plaintiff has drafted these documents by inputting information into Athena AI, which Plaintiff claims he developed. (Dkt. No. 7 at 2.)[3] Plaintiff has continued to file additional motions and pleadings. (*See* Dkt. Nos. 14–16.)

Plaintiff seeks as a "primary accommodation . . . the appointment of counsel to represent or assist [him] in [his] case" or alternatively a "volunteer pro bono attorney," or guidance from a law clerk, or appointment of a guardian ad litem. (Dkt. No. 7-1 at 4–5.) Plaintiff also asks for "ancillary accommodations" such as ordering the Clerk's office to accept filings "in electronic form" and "helping to effectuate service of process." (*Id*.) Plaintiff also requests all

---

[3] Plaintiff also has an active lawsuit against Pierce County and the Pierce County Superior Court filed under case number 3:25-cv-05490-TMC. In that litigation, Plaintiff is active in filing pleadings, motions and responses opposing defense motions; presumably with assistance from Athena AI.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ACCOMMODATIONS (DKT. NO. 9) - 3

correspondence be sent to him via electronic mail.  (*Id.*)  Plaintiff further requests "flexibility in scheduling in-court or telephonic appearances." (*Id.*)

## II. Appointment of Counsel

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  And federal courts lack the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).  But districts courts have two sources of discretion to appoint counsel in a civil proceeding.

First, if the district court finds exceptional circumstances, it may request appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1).  *See Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Second, district courts have inherent authority to appoint counsel in civil proceedings when necessary to aid the court in its judicial function.  *See Perez v. Barr*, 957 F.3d 958, 965 (9th Cir. 2020) "It has long been recognized that courts have the inherent authority to appoint counsel when necessary to the exercise of their judicial function, even absent express statutory authorization." *Id.*  "'Courts have (at least in the absence of legislation to the contrary) inherent power to provide themselves with appropriate instruments required for the performance of their duties [and t]his power includes authority to appoint persons unconnected with the court to aid

judges in the performance of specific judicial duties, as they may arise in the progress of a cause.'" *Id.* (quoting *Ex Parte Peterson*, 253 U.S. 300, 312 (1920) (citation omitted)). "This inherent judicial authority has been codified in the All Writs Act, which provides that '[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" *Id.* (quoting 28 U.S.C. § 1651(a)).

At this stage of the litigation, Plaintiff has not established exceptional circumstances for appointment of counsel. Plaintiff thus far has shown the ability to articulate his claims despite the complexity of the legal issues involved.[4] Also, the Court is unable to evaluate Plaintiff's likelihood of success on his claims given the early stages of this litigation because, while Plaintiff's complaint offers a variety of allegations, the Defendants have not been served and have not filed any responsive pleading. The complaint alone is insufficient for the Court to draw conclusions about the likelihood of success on the merits.

As for the Court's inherent authority to appoint counsel, the Court also does not find counsel necessary at this stage to assist the Court in its judicial function. Again, Plaintiff thus far has shown himself capable of articulating his factual and legal theories.

As for Plaintiff's alternative request to appoint a guardian ad litem, Federal Rule of Civil Procedure 17(c)(2) requires a court to appoint a guardian ad litem "to protect a minor or incompetent person who is unrepresented in an action." "The Court's obligation to appoint a

---

[4] It is notable that Plaintiff's claim against the BIIA involves alleged interactions beginning Wednesday, June 18, 2025. After which, Plaintiff promptly file a lawsuit on June 23, 2025. In the span of less than five days, Plaintiff was able to initiate dialogue about his claimed cognitive impairments with the BIIA and, having not received a satisfactory resolution, draft and file a lawsuit and other motions in this Court. This brief history evidences an individual with an appreciable degree of cognitive abilities.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ACCOMMODATIONS (DKT. NO. 9) - 5

guardian ad litem or to issue another appropriate order under Rule 17(c) does not arise 'until after a determination of incompetence has been made by the court in which the issue is raised.'" *AT&T Mobility v. Yeager*, 143 F. Supp. 3d 1042, 1049–1050 (E.D. Cal. 2015) (quoting *Forte v. Cnty. of Merced*, No. 11–0318, 2013 WL 3282957, at *3 (E.D. Cal. June 27, 2013).

At present, the Court has no reason to believe Plaintiff is incompetent. He is able to input information into an artificial intelligence program, which means he can formulate coherent prompts to interact with the program (whether this be orally or through a keyboard). Also, Plaintiff presumably can read (or with a reader is able to listen to documents read out loud) and comprehend documents filed in this litigation. There is no basis to find Plaintiff is incompetent and no basis to appoint a guardian ad litem.

While the Court is sensitive to possible concerns related to any future trial (assuming the matter proceeds to trial), this litigation remains in its initial stages and trial concerns are not germane at this point in the proceedings.

Accordingly, Plaintiff's motion for appointment of counsel and alternative request to appoint a guardian ad litem is DENIED.

**III.     Ancillary Accommodations**

Title II of the American with Disabilities act does not apply to the federal judiciary. *Murray v. Murguia*, Case No. 25-cv-01364-WHO, 2025 WL 1442705 at *1 (N.D. Cal. May 9, 2025); *Patrick v. United States Postal Service*, Case No. CV-10-0650-PHX-ECV, 2010 WL 4879161, at *1-*3 (D. Ariz. Nov. 23, 2010) ("It is well-settled, however, that the federal government, *including its district courts*, is exempted from Title II disability discrimination claims" brought under the ADA) (italics added); *Drevaleva v. Department of Veteran Affairs*, 885 Fed. Appx. 221, 223 (9th Cir. 2020) ("the federal government is excluded from the coverage

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ACCOMMODATIONS (DKT. NO. 9) - 6

1  of the ADA"). Notwithstanding, the federal judiciary and this Court do seek to provide

2  reasonable accommodations for litigants with disabilities. *See WAWD Accommodations*

3  *Guidelines* located at

4  www.wawd.uscourts.gov/sites/wawd/files/WAWDAccommodationsGuidlines.pdf. Under this

5  Court's accommodations guidelines, the Court endeavors to provide assistance through auxiliary

6  aids including:

> …qualified interpreters, assistive listening devices or systems, or other effective methods of making aurally delivered materials available to individuals with hearing impairments. The court shall give primary consideration to a participant's choice of auxiliary aid or service. In the event that specific auxiliary aids or services are requested, alternatives must be identified by the requesting participant in case the primary auxiliary aids and service requested are unavailable, incompatible with the courtroom, or too expensive.

*Id.*

        A.  <u>Request related to filing court documents</u>

Plaintiff requests the Clerk's office accept filings in electronic form and that all communications be sent to him via electronic mail. (Dkt. No. 7-1 at 5.) However, the Clerk's office already allows for electronic filing of documents and for receiving all filings/notices via the Court's CM/ECF filing system. All information regarding how to create an account, how to file documents electronically, and how to register to receive documents electronically can be found at www.wawd.uscourts.gov/attorneys/how-to-e-file. This website contains files in PDF format that contain instructions on the use of the CM/ECF filing system which Plaintiff can review (presumably with assistance from his artificial intelligence program). (*See* Dkt. No. 7-1 at 5) ("Receiving communications electronically allows Athena AI to immediately read them to me[.]").

Plaintiff is directed to register for electronic filing with the CM/ECF filing system. To assist Plaintiff in obtaining the instructions for registering and using the CM/ECF filing system, the Clerk is directed to email the instructions that are posted at the Court's website to Plaintiff.[5] Because Plaintiff has shown himself capable of using computer applications and systems, the Court finds no basis to conclude additional accommodations should be ordered and further finds that imposing additional requirements on Clerk's office staff would be unreasonable.

Moreover, Plaintiff maintains the option of mailing documents to the Clerk's office for filing should he not register to use the CM/ECF filing system. If Plaintiff does not register to use the CM/ECF filing system, all future orders and documents from this Court will be sent to Plaintiff via regular mail.

B. Service of Process

Plaintiff asks for assistance in serving process on the Defendants. (Dkt. No. 7-1 at 5.) The Court considers this a request to have a United States Marshal or deputy marshal effectuate service. Pursuant to Federal Rule of Civil Procedure 4(c)(3), a court is required to order service of process for an indigent plaintiff by the United States Marshal or deputy Marshal.

The Court hereby ORDERS the United States Marshal or deputy marshal from the Western District of Washington to effectuate service of process on the Defendants. However, for this to be accomplished, Plaintiff will need to identify for the Marshal(s) the precise address of each Defendant where service can be accomplished. For the agency Defendant, Plaintiff will need to identify the designated representative, including the precise address, where service can be accomplished. Plaintiff shall immediately file this information so the Clerk can provide it to

---

[5] The Court understands these instructions previously were transmitted to Plaintiff in relation to his litigation filed under 3:25-cv-05490-TMC. Nonetheless, the Clerk is directed to again send this these instructions to Plaintiff.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ACCOMMODATIONS (DKT. NO. 9) - 8

the Marshal(s). The Marshals SHALL then serve the summons, complaint, and Plaintiff's motion for a temporary restraining order on the Defendants. The Marshals will not attempt to effectuate service until Plaintiff provides the necessary information.

### C. Flexibility regarding scheduling of in-court or telephonic appearances

Plaintiff also requests "scheduling modifications" to include "flexibility in scheduling in-court or telephonic appearances." (*Id*.) At present time there are no scheduled hearings and it is unclear when the Court may schedule a hearing, if at all. If a hearing is scheduled, Plaintiff can renew his request for scheduling modifications at that time.

## IV. CONCLUSION

Based on the above, the Court GRANTS in part and DENIES in part Plaintiff's motion for accommodations (Dkt. No. 7-1) as follows:

1. Plaintiff's motion to appoint counsel and in the alternative to appoint a guardian ad litem is DENIED.
2. Plaintiff's request to allow for electronic filing of documents and receiving documents through means other than the CM/ECF Filing System is DENIED. However, the Clerk is directed to email Plaintiff a PDF copy of the instructions for registering an account and for using the CM/ECF Filing System. If Plaintiff does not register to use the CM/ECF Filing System, Plaintiff shall file all documents via regular mail. The Clerk will not file documents on Plaintiff's behalf as Plaintiff has demonstrated the ability to review instructions and to use computer applications and systems.
3. Plaintiff's request to have the United States Marshal or a deputy marshal effectuate service of process pursuant to Federal Rule of Civil Procedure 4(c)(3) is GRANTED.

However, Plaintiff SHALL immediately file on the Court docket information identifying the precise address of each defendant where service can be accomplished. For the agency defendant, Plaintiff SHALL identify the designated representative, including the precise address, where service can be accomplished. Once filed, the Clerk shall provide that information, along with copies of the summons, complaint, and Plaintiff's temporary restraining order to the Marshal(s) for service on each defendant. The Marshal(s) SHALL file proof of service with the Clerk's office once completed.

4. Plaintiff's request for scheduling modifications is DENIED as premature because there currently are no scheduled hearings. Plaintiff may raise this issue again if and when a hearing is scheduled.

5. Any additional accommodation requests related to this litigation SHALL be filed on the Court's docket as a formal motion for the Court to consider. The Clerk's office will not respond to any additional accommodation request.

Dated this 26th day of June, 2025.

David G. Estudillo
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ACCOMMODATIONS (DKT. NO. 9) - 10