UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM NELSON,<br><br>               Plaintiff,<br>    v.<br><br>WASHINGTON BOARD OF INDUSTRIAL APPEALS et al.,<br><br>               Defendants. | CASE NO. 3:25-cv-05551-DGE<br><br>ORDER GRANTING MOTION TO SEAL (DKT. NO. 12) |

Before the Court is Plaintiff's motion to seal certain exhibits which contain sensitive medical records. (Dkt. No. 12.)

"There is a strong presumption in favor of public access to court records." *Wilson v. Ponce Gound Serv.*, LLC, No. 2:22-CV-00521-RAJ, 2022 WL 16763699, at *2 (W.D. Wash. Nov. 8, 2022). A party seeking to seal documents must demonstrate "compelling reasons" that outweigh the presumption of public access to such records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Nonetheless, many courts in this District have recognized that "[t]he need to protect medical privacy qualifies in general as a 'compelling

reason.'" *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013); *see also Cont'l Med. Transp. LLC v. Health Care Serv. Corp.*, No. C20-0115-JCC, 2021 WL 2072524, at *4 (W.D. Wash. May 24, 2021), *aff'd*, No. 21-35481, 2022 WL 2045385 (9th Cir. June 7, 2022). This need to protect medical privacy remains compelling even where a plaintiff has put their health at issue in the lawsuit. *See Wilson*, 2022 WL 16763699, at *3.

Plaintiff contends he attempted to meet and confer with Defendants in this case concerning the need to file his medical records under seal, pursuant to Local Civil Rule 5(g)(3)(A). (Dkt. No. 12 at 2.) Plaintiff states he emailed Defendants the same day he filed his motion to seal, but received no response. (*Id.*) Plaintiff also asserts that Defendants already have copies of his medical records, which Plaintiff submitted in connection with his request for accommodations. (*Id.* at 1.) The Court questions whether this is sufficient to satisfy the meet and confer requirement contained in the local rules, particularly given that Defendants in this case have yet to be served. Nevertheless, in the interests of moving this case along, and given the sensitive nature of Plaintiff's medical records, the Court GRANTS the motion to seal. (Dkt. No. 12.)

Dated this 26th day of June, 2025.



David G. Estudillo
United States District Judge