1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
9                     AT TACOMA
10

11  WILLIAM NELSON,                          CASE NO. 3:25-cv-05551-DGE

12                      Plaintiff,           ORDER DENYING MOTION TO
            v.                               REQUIRE SWORN
13                                           DECLARATIONS FROM
    WASHINGTON BOARD OF                      CHAMBERS PERSONNEL (DKT.
14  INDUSTRIAL APPEALS et al.,               NO. 15)

15                      Defendants.

16
        Before the Court is Plaintiff's motion "(1) to require sworn declarations from chambers
17
personnel, (2) to ensure impartial ADA-compliant review of pro se filings, and (3) to require de
18
novo judicial review of future recommendations."  (Dkt. No. 15.)
19
        Plaintiff requests chambers personnel submit declarations "affirming they have no bias or
20
prejudice against pro se litigants, disabled litigants (including those with long-COVID cognitive
21
impairments), or litigants who rely on computer software or AI assistance" and "describing the
22
process, authorities consulted, and reasoning" utilized in drafting the Court's order.  (*Id.* at 1.)
23
Plaintiff also seeks an order re-affirming that Plaintiff's pro se filings must be liberally
24

ORDER DENYING MOTION TO REQUIRE SWORN DECLARATIONS FROM CHAMBERS PERSONNEL
(DKT. NO. 15) - 1

1  construed, directing chambers personnel and the Clerk's Office to "engage in the interactive
2  process" required by Title II of the ADA and the Rehabilitation Act, and setting a status
3  conference.  (*Id.* at 2.)
4      Plaintiff argues the Court "ignored" his motion for reconsideration filed on June 24,
5  2025, which "magnif[ies] the appearance that chambers staff deprioritized or overlooked it."
6  (*Id.*)  Plaintiff contends a lack of immediate action on his motion for reconsideration "signals
7  possible bias" and "heightens the need for transparency about how staff decide which filings
8  merit prompt attention." (*Id.* at 3.)  Plaintiff asserts the "requested declarations and safeguards
9  will restore confidence that this case will be adjudicated on its merits, consistent with the
10 Supreme Court precedent and disability law." (*Id.* at 4.)
11     Plaintiff's motion (Dkt. No. 15) is DENIED.  Although Plaintiff's motion argues the
12 Court should take additional steps to alleviate his concerns about bias or impartiality, the motion
13 fails to cite any relevant legal authority supporting the relief sought in Plaintiff's motion.  And
14 other than his expressed disagreement with Plaintiff's orders, Plaintiff offers no factual basis to
15 support a claim of bias or impartiality.  Moreover, the Court has timely addressed the numerous
16 issues Plaintiff has raised and explained the basis for its rulings in its prior orders.
17     However, because Plaintiff raises concerns of bias and impartiality, the Court further
18 construes Plaintiff's motion as including a request for the undersigned to recuse.
19     Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is
20 required if a judge's impartiality might reasonably be questioned or if the judge harbors personal
21 bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive
22 from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL
23 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.
24

ORDER DENYING MOTION TO REQUIRE SWORN DECLARATIONS FROM CHAMBERS PERSONNEL
(DKT. NO. 15) - 2

1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

"[A] party cannot manufacture grounds for recusal by fantastic allegations, by vague accusations or by alleging in conclusory terms that a judge is biased, by filing an ethics complaint against a judge, or even by suing a judge." *Royer v. Pennsylvania State Univ.*, No. 03:00-CV-290-KRG-KAP, 2012 WL 956422, at *1 (W.D. Pa. Feb. 28, 2012), *report and recommendation adopted*, 2012 WL 954710 (W.D. Pa. Mar. 20, 2023) (internal citation omitted)). "Otherwise, litigants could 'shop' for judges simply by generating a 'conflict' with any presiding officer who disagrees with their view of the facts or law." *Erickson v. Long Beach Mortg.*, No. C10-1423MJP, 2010 WL 11561884, at *1 (W.D. Wash. Nov. 2, 2010), aff'd sub nom. *Erickson v. Long Beach Mortg. Co.*, 473 F. App'x 746 (9th Cir. 2012) (citing *In re Mann*, 229 F.3d 657, 658-659 (7th Cir. 2000)).

Here, Plaintiff's fear of potential bias by the undersigned does not derive from an extrajudicial source.  Plaintiff fails to identify any extrajudicial facts that would support a finding of bias.  Instead, Plaintiff takes issue with the rulings the undersigned has made thus far in this litigation.  Moreover, the Court does not find, and Plaintiff does not cite, any authority for the proposition that taking two days to rule on a motion is suggestive of bias on the Court's part.  *See* Local Civil Rule 7(b)(5) ("All motions will be decided as soon as practicable, and normally within thirty days following the noting date."); *Collins v. Tenorio*, Case No. CV–08–430–PHX–

ORDER DENYING MOTION TO REQUIRE SWORN DECLARATIONS FROM CHAMBERS PERSONNEL (DKT. NO. 15) - 3

ROS, 2008 WL 5225805 at *2 (D. Ariz. Dec. 15, 2008) (Noting that it may be possible to construct hypotheticals in which extreme delay in ruling on a motion "might be partial evidence of bias that would mandate recusal or disqualification," but that a relatively brief delay would not give rise to an inference of bias.).  Under these circumstances, a reasonable person with knowledge of all the facts would not conclude the undersigned's impartiality might reasonably be questioned.

Accordingly, to the extent Plaintiff's motion seeks the undersigned's recusal, it is DENIED.  Pursuant to Local Civil Rule 3(f), the Court directs the Clerk to refer Plaintiff's request to recuse to United States District Judge Tana Lin, the active judge with the highest seniority.

Dated this 30th day of June, 2025.

David G. Estudillo
United States District Judge