William Nelson
1523 132ND ST SE STE. C418
Everett, Washington 98208
425-645-9222 | 808-204-1401
william@seattleseahawks.me

HON. JUDGE DAVID G. ESTUDILLO

_____ FILED _____ LODGED
_____ RECEIVED

JUL 01 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT (TACOMA DIVISION)

| | |
|---|---|
| WILLIAM NELSON,<br><br>    Plaintiff,<br><br>vs.<br><br>WASHINGTON BOARD OF INDUSTRIAL INSURANCE APPEALS ET AL.<br><br>    Defendants. | Case No.: 3:25-cv-05551-DGE<br><br>**EMERGENCY MOTION FOR RECONSIDERATION EMAIL FILING UNDER LCR 7(h) AND MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e)**<br><br>**NOTE ON MOTION CALENDAR: JULY 10, 2025**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.   INTRODUCTION

Plaintiff moves for emergency reconsideration of the 26 June 2025 Order (Dkt. 19) and, in the alternative, seeks amendment under Fed. R. Civ. P. 59(e)/54(b). Manifest legal error and newly available evidence—including the ADA Coordinator's written refusal to accept any further accommodation requests—bar Plaintiff from all meaningful access to this Court. Immediate relief is required because imminent deadlines combined with Plaintiff's homebound status, Friday-only mail delivery, and the Court's electronic- filing requirement create an insurmountable barrier to constitutional court access.

The Court's order and the Clerk's refusal violate binding federal regulations, mandatory Judicial Conference policy, and the First and Fifth Amendments to the Constitution.

EMERGENCY MOTION FOR RECONSIDERATION EMAIL FILING UNDER LCR 7(H) AND MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(E) NOTE ON MOTION CALENDAR: JULY 10, 2025 ORAL ARGUMENT REQUESTED - 1

## II. SUMMARY OF MANIFEST ERRORS & NEW EVIDENCE

1. **Violation of 28 C.F.R. § 39.160(b)(2)**: failure to provide mandatory written statement of reasons when denying auxiliary aids.

2. **Violation of binding Judicial Conference Guide, Vol. 5, § 255** (September 1995 mandate requiring accommodations for communication disabilities).

3. **Constitutional violations** under Boddie v. Connecticut, Tennessee v. Lane, and the First Amendment Petition Clause (California Motor Transport Co.).

4. **New evidence:** 27 June 2025 email—ADA Coordinator categorically refuses to process any accommodation requests.

5. **Dr. Bender's progress notes** confirming Long COVID diagnosis and cognitive deficits after exhaustive testing (Ex. B-1).

6. **Structural barrier**: Friday-only mail delivery plus electronic-email-filing exclusion renders meaningful court access impossible.

## III. FACTUAL BACKGROUND

A. **Medical Documentation and Disability Status**

1. **Dr. Jessica A. Bender, MD, MPH** – board-certified internist; co-medical director, UW Medicine Post-COVID-19 Rehabilitation & Recovery Clinic; co-principal investigator on a federally funded AHRQ Long-COVID Care-Network grant.

   - 80-minute telemedicine evaluation on 26 Mar 2025; detailed progress notes (Ex. B-1).
   - **Final assessment:** "*Post-acute sequelae of SARS-CoV-2 infection (Long COVID) with pronounced neurocognitive deficits.*"
   - **Objective findings:** MoCA 17/30; documented blackouts, dissociation, falls, dysarthric speech, tremor, memory loss; MRI/CT/EEG/lumbar puncture negative for alternative pathology.
   - **Treatment plan:** further autonomic testing; strict directive to "conserve mental, emotional, and physical energy use"; consolidate poly-pharmacy. The record establishes executive-function impairments incompatible **with the complex, fast-paced, adversarial workflow of modern**

EMERGENCY MOTION FOR RECONSIDERATION EMAIL FILING UNDER LCR 7(H) AND MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(E) NOTE ON MOTION CALENDAR: JULY 10, 2025 ORAL ARGUMENT REQUESTED - 2

**court proceedings—deadlines, dense procedural rules, rapid-fire filings, and on-the-spot decision-making that William cannot reliably or consistently track or respond to.**

2. **Dr. David Higginbotham, DO** – Plaintiff's primary-care physician for 25 years. He ordered the comprehensive battery of neuro-imaging and metabolic work-ups that formed the basis for Dr. Bender's diagnosis. Dr. Higginbotham concurs that Plaintiff's cognitive impairment precludes safe driving, reliable deadline-tracking, managing finances and the ability to learn and retain new information, though long-term memories remain intact (Ex. C). Adapting to new processes can be debilitating and, at times, impossible to master or retain.

These records satisfy *28 C.F.R. § 39.160(a)(2):* **(i)** a qualifying disability confirmed by nationally recognized specialists; **(ii)** direct nexus between that limitation and the requested auxiliary aid (asynchronous email filing to accommodate cognitive limitations and pacing requirements).

### B. Accommodation Request History and Pattern of Denial

Plaintiff attempted to use CM/ECF in 2024 and 2025 without success; court access logs should confirm multiple failed attempts. The Court's Order (Dkt. 19) now requires all future accommodation requests to be filed as formal motions yet offers only CM/ECF or U.S. Mail as filing options. This creates a Catch-22: Plaintiff cannot comply with the order requiring motions because he lacks access to the filing systems specified.

Plaintiff is homebound and receives mail only on Fridays—sometimes not at all—making compliance with court deadlines impossible and effectively barring access to federal court altogether.

### C. ADA Coordinator's Complete Abdication of Federal Duties

On 27 June 2025, one day after the Court's order, Deputy-in-Charge Patrick Sherwood sent a definitive email (Ex. A) stating: ***"The Clerk's office will take no action in response to your email."*** This categorical refusal to engage in any accommodation process violates the mandatory interactive process requirements under federal law.

\\

EMERGENCY MOTION FOR RECONSIDERATION EMAIL FILING UNDER LCR 7(H) AND MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(E) NOTE ON MOTION CALENDAR: JULY 10, 2025 ORAL ARGUMENT REQUESTED - 3

No dialogue occurred, no alternatives were explored, and no attempt was made to comply with binding Judicial Conference policies requiring federal courts to provide reasonable accommodations for communication disabilities.

### IV. LEGAL STANDARDS LCR

*7(h)*: reconsideration for manifest error or new evidence presented within 14 days. *Rule 59(e)/54(b)*: amendment to correct clear error, prevent manifest injustice, or consider new evidence that could not have been presented earlier. *Fed. R. Civ. P. 5(a)(1)(D) & LCR 5(g)(2)*: ex parte filing is appropriate where the motion contains protected health information and seeks relief only from the Court.

### V. ARGUMENT

**A. Violation of Mandatory Federal Regulation – 28 C.F.R. § 39.160(b)(2)**

Federal entities subject to *Section 504 of the Rehabilitation Act* must provide auxiliary aids unless compliance would result in undue burden. When denying accommodations on undue burden grounds, *28 C.F.R. § 39.160(b)(2)* mandates that the decision **"must be accompanied by a written statement of the reasons for reaching that conclusion."** The Court provided no written findings, conducted no individualized analysis, and offered no explanation for the denial. This regulatory violation constitutes reversible error and prevents meaningful appellate review.

**B. Violation of Binding Judicial Conference Policy**

The September 1995 Judicial Conference mandate *(Guide to Judiciary Policy, Vol. 5, Ch. 2, § 255)* requires **"all federal courts provide reasonable accommodations to persons with communications disabilities."** This policy is binding on federal courts and creates non-discretionary obligations.

Cognitive disabilities such as Plaintiff's Long COVID-related impairments clearly constitute **"communication disabilities"** covered by this mandatory policy. The Court's failure to analyze Plaintiff's qualifying conditions or engage in any accommodation process violates this binding Conference directive.

C. **Constitutional Violations – Due Process and First Amendment Petition Clause**

**The denial creates multiple constitutional violations:**

1. **Substantive Due Process (Fifth Amendment)**: Following *Boddie v. Connecticut, 401 U.S. 371 (1971)*, and *Tennessee v. Lane, 541 U.S. 509 (2004)*, courts cannot create arbitrary barriers to fundamental court access when they maintain a monopoly over adjudicatory processes. The Court's control over filing methods while denying reasonable accommodations violates substantive due process.

2. **Procedural Due Process**: The complete absence of process—no written findings, no interactive analysis, no consideration of alternatives—violates minimal procedural protections required by the Fifth Amendment.

3. **First Amendment Petition Clause**: *California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508 (1972)*, established that **"the right of access to the courts is an aspect of the First Amendment right to petition."** The systematic denial of accommodation while maintaining exclusive control over filing channels creates an unjustified burden on constitutional petitioning rights.

4. **Postal Service Limitations and First Amendment**: *Currier v. Potter (9th Cir. 2004)* established that postal service limitations can **"grievously burden First Amendment rights"** of disabled individuals lacking alternative communication channels. Plaintiff's Friday-only mail delivery combined with homebound status creates the constitutional violation identified by the Ninth Circuit.

D. **Recent Supreme Court Authority Supporting Uniform ADA Standards**

*A.J.T. v. Osseo Area Schools (June 2025)* provides the most recent Supreme Court guidance on ADA Title II standards. The unanimous Court held that:

- **Injunctive relief does not require proof of intent to discriminate**
- **Compensatory damages require showing "deliberate indifference"** – a standard less demanding than bad faith or gross misjudgment
- **Claims should be subject to the same standards that apply in other disability discrimination contexts**

This ruling explicitly rejects heightened standards and confirms that deliberate indifference applies uniformly across all Title II contexts, including court access.

EMERGENCY MOTION FOR RECONSIDERATION EMAIL FILING UNDER LCR 7(H) AND MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(E) NOTE ON MOTION CALENDAR: JULY 10, 2025 ORAL ARGUMENT REQUESTED - 5

### E. Structural Error Requiring Automatic Reversal

The Court's complete failure to follow mandatory accommodation procedures creates structural error under *United States v. Duenas, 662 F.3d 1091 (9th Cir. 2011)*. When courts fail to conduct required processes, the error "infects a legal proceeding's reliability" and requires correction regardless of harmless error analysis. The ADA Coordinator's categorical refusal compounds this structural failure by eliminating any avenue for accommodation review, creating a complete breakdown of federally mandated procedures.

### F. Interactive Process Failure Under Ninth Circuit Precedent

*Barnett v. U.S. Air, Inc., 228 F.3d 1105 (9th Cir. 2000)*, established that the interactive process is "**mandatory rather than permissive**" for federal entities. The court held that "employers who fail to engage in the interactive process in good faith face liability" and that such failure constitutes an independent ADA violation.

The ADA Coordinator's refusal to engage in any process violates this mandatory requirement and demonstrates the bad faith that triggers federal liability.

### G. New Evidence Establishes Manifest Injustice

The ADA Coordinator's 27 June 2025 email (Ex. A) constitutes new evidence demonstrating the complete breakdown of federal accommodation procedures. Combined with Dr. Bender's final diagnostic confirmation and Plaintiff's documented mail delivery limitations, this evidence establishes manifest injustice requiring correction under **Rule 59(e)**.

### H. Medical Evidence Warrants Email Filing Accommodation

Dr. Bender's notes confirm Long COVID diagnosis with MoCA 17/30 demonstrating objective cognitive impairment. Her directive to "**conserve mental, emotional, and physical energy use**" directly supports an accommodation that eliminates real-time electronic portal pressures. Federal courts routinely provide email filing accommodations to disabled pro se litigants, as confirmed by Federal Judicial Center research showing that "**somewhat more than half of the district courts state that non-prisoner pro se litigants are permitted to use CM/ECF to file in their existing cases with individual permission.**"

EMERGENCY MOTION FOR RECONSIDERATION EMAIL FILING UNDER LCR 7(H) AND MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(E) NOTE ON MOTION CALENDAR: JULY 10, 2025 ORAL ARGUMENT REQUESTED - 6

### I. All Writs Act Authority for Mandamus Relief

Under *Cheney v. U.S. District Court, 542 U.S. 367 (2004)*, mandamus relief is appropriate when three criteria are met:

1. **Clear and indisputable right to relief**: Section 504 and Judicial Conference policy create non-discretionary duties.
2. **No other adequate means of relief**: Current system provides no accommodation mechanism.
3. **Circumstances appropriate for mandamus**: Ministerial duties violated the regulatory violations under *28 C.F.R. § 39.160(b)(2)* and Judicial Conference policy violations constitute ministerial duties suitable for mandamus enforcement.

## VI. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. **VACATE** the June 26, 2025, Order (Dkt. 19) to the extent it denies accommodations.
2. **GRANT** Plaintiff immediate permission to file all pleadings and accommodation requests by email directly to the Clerk's office.
3. **ORDER** the ADA Coordinator to properly process and escalate all ADA requests per mandatory Judicial Conference policy.
4. **EXTEND** all current and future deadlines by thirty (30) days pending full resolution of accommodation issues.
5. **PROVIDE** written findings under *28 C.F.R. § 39.160(b)(2)* if any future accommodations are denied.
6. **REQUIRE** the ADA Coordinator to file a declaration under oath within ten (10) days detailing all actions taken regarding Plaintiff's accommodation requests.
7. **SCHEDULE** a status conference within fourteen (14) days to ensure proper accommodation implementation.
8. **RESERVE** Plaintiff's right to seek fees and damages for deliberate indifference.
9. **GRANT** such other relief as the Court deems just and proper.

\\
\\

EMERGENCY MOTION FOR RECONSIDERATION EMAIL FILING UNDER LCR 7(H) AND MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(E) NOTE ON MOTION CALENDAR: JULY 10, 2025 ORAL ARGUMENT REQUESTED - 7

### VII. MEET-AND-CONFER CERTIFICATION

Pursuant to **LCR 7(i)**, Plaintiff attempted to resolve these issues with ADA Coordinator Patrick Sherwood, who explicitly refused to take any action as confirmed by email dated June 27, 2025 (Ex. A). This categorical refusal satisfies meet-and-confer requirements.

### VIII. CONCURRENT MOTION FOR LEAVE TO FILE OVER-LENGTH BRIEF

Filed concurrently under **LCR 7(f)(1)** due to the complexity of intersecting constitutional, statutory, and regulatory issues that require comprehensive legal analysis exceeding standard briefing limits.

Respectfully submitted 30 June 2025



**William Nelson, Pro Se**
1523 132ND ST SE. STE C418
Everett, Wa 98208
(425) 645-9222 (desk)
(425) 800-8800 (mobile)
(808) 204-1401 (fax)
william@seattleseahawks.me (email)

EMERGENCY MOTION FOR RECONSIDERATION EMAIL FILING UNDER LCR 7(H) AND MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(E) NOTE ON MOTION CALENDAR: JULY 10, 2025 ORAL ARGUMENT REQUESTED - 8