William Nelson
1523 132ND ST SE STE. C418
Everett, Washington 98208
425-645-9222 | 808-204-1401
william@seattleseahawks.me

HON. JUDGE DAVID G. ESTUDILLO

FILED ___ LODGED
___ RECEIVED

JUL 01 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT (TACOMA DIVISION)

| | |
|---|---|
| WILLIAM NELSON,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON BOARD OF INDUSTRIAL INSURANCE APPEALS ET AL.<br><br>Defendants. | Case No.: 3:25-cv-05551-DGE<br><br>**EMERGENCY MOTION FOR RECONSIDERATION APPOINTMENT OF COUNSEL UNDER LCR 7(h) AND MOTION TO ALTER OR AMEND JUDGMENT UNDER FRCP 59(e)**<br><br>**NOTE ON MOTION CALENDAR: JULY 10, 2025**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.   RELIEF SOUGHT

Plaintiff William J. Nelson moves the Court to reconsider and amend its 26 June 2025 Order (Dkt. 19) that denied appointment of counsel and related accommodations. He respectfully requests that the Court:

1. Find **"exceptional circumstances"** and appoint counsel under *28 U.S.C. § 1915(e)(1)* (or, in the alternative, appoint a *Fed. R. Civ. P. 17(c)(2) guardian ad litem*);

2. Correct the factual and legal errors summarized below;

3. Order the ADA Coordinator and Clerk to comply with Section 504's mandatory interactive-process and written-undue-burden obligations; and

4. Stay all current deadlines until effective accommodations are in place.

\\

\\

EMERGENCY MOTION FOR RECONSIDERATION APPOINTMENT OF COUNSEL UNDER LCR 7(H) AND MOTION TO ALTER OR AMEND JUDGMENT UNDER FRCP 59(E)NOTE ON MOTION CALENDAR: JULY 10, 2025      ORAL ARGUMENT REQUESTED - 1

## II. CONFIDENTIAL-FILING & SEALING STATEMENT

Because this motion references protected medical information, Plaintiff contemporaneously files a narrowly-tailored Motion to Seal and submits a redacted public version pursuant to LCR 5(g)(2).

## III. STANDARDS FOR RECONSIDERATION

Under **LCR 7(h)** and **Fed. R. Civ. P. 59(e)**, a court may reconsider its order to correct manifest errors of fact or law or to account for new evidence or authority. A **Rule 59(e)** motion filed within twenty-eight days tolls the time to appeal.

## IV. GROUNDS FOR RECONSIDERATION

**A. Manifest Factual Error: Medical Evidence Misconstrued**

- Dr. Jessica A. Bender (UW Long-COVID Clinic, 26 Mar 2025) recorded MoCA 17/30; blackouts; dissociation; falls; dysarthric speech; tremor; memory loss; all imaging negative for alternative pathology. Her assessment—"Post-acute sequelae of SARS-CoV-2 infection (Long COVID) with pronounced neuro-cognitive deficits"—advises strict conservation of mental, emotional, and physical energy.

- Dr. David Higginbotham (PCP 25 yrs) confirms "significant short-term memory retention issues," inability "to focus on and manage stepwise functions," and states Plaintiff "very much needs legal representation."

- STD/LTD (Jan 2023 / Jul 2023) and SSDI (Apr 2025) were granted on first review, establishing permanent cognitive disability.

The Order demands an encyclopedic exposition of every deficit, yet *28 C.F.R. § 35.130(b)(7)(i)* limits a court to seeking only documentation **"necessary to the determination that the individual meets the essential eligibility requirements"** and to confirm the accommodation nexus. The extant letters meet that threshold; requiring more contravenes the regulation.

**B. Manifest Legal Error: AI-Drafted Pleadings ≠ Litigation Competence**

The Court equated Athena AI's syntactic output with Plaintiff's executive-function capacity. Ninth-Circuit precedent rejects this conflation. Under *Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991)* and *Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009)*, the Court must weigh (1) probable merit and (2) the litigant's ability to articulate claims commensurate with complexity—either axis alone can justify appointment.

*Agyeman v. CCA, 390 F.3d 1101, 1103-04 (9th Cir. 2004)* reiterates that document drafting is not enough; genuine comprehension and strategy matter. Recent authority, *Batton v. K-VA-T Food Stores, No. 23-14199 (9th Cir. 2024)*, confirms that surface functionality does not excuse denial of accommodations when executive function is impaired.

### C. Procedural Violations: Section 504 Interactive Process Omitted

*Section 504* and *28 C.F.R. § 35.164* mandate an individualized interactive process and written undue-burden findings before denying accommodations. The Judicial Conference's 1995 ADA Implementation Policy (*Guide to Judiciary Policy, Vol. 5, Ch. 2, § 255*) imposes identical duties on this Court. ADA Coordinator Patrick Sherwood's 27 Jun 2025 email—"**The Clerk's office will take no action in response to your email**"—terminated the process, violating both authorities. Supreme Court precedent (*A.J.T. v. Osseo Area Schools, 600 U.S. ___ (2025)*) and *Strife v. Aldine ISD, No. 24-50340 (5th Cir. 25 Jun 2025)* hold that refusal to engage constitutes discrimination.

### D. Constitutional Deprivation: First & Fifth Amendments

Denial of effective access despite severe cognitive impairment burdens Plaintiff's right to petition and violates due-process and equal-protection guarantees. *Tennessee v. Lane, 541 U.S. 509, 523-34 (2004); Johnson v. U.S. Treasury, 939 F.2d 820, 824-25 (9th Cir. 1991)*.

## V. APPOINTMENT-OF-COUNSEL STANDARD

Terrell and Palmer require the Court to weigh (1) probable merit and (2) ability to articulate claims; "**either factor may be determinative.**" *Terrell, 935 F.2d at 1017*. Here:

- Probable merit: Defendants have not yet answered; Plaintiff alleges ongoing ADA/§ 504 violations supported by unrebutted medical evidence.
- Articulation capacity: MoCA 17/30, episodic blackouts, loss of short-term memory, inability to program anymore despite writing Athena AI in 2016—all demonstrate incapacity to manage complex litigation unaided.

Either axis independently satisfies the exceptional-circumstances benchmark.

\\

EMERGENCY MOTION FOR RECONSIDERATION APPOINTMENT OF COUNSEL UNDER LCR 7(H) AND MOTION TO ALTER OR AMEND JUDGMENT UNDER FRCP 59(E)NOTE ON MOTION CALENDAR: JULY 10, 2025    ORAL ARGUMENT REQUESTED - 3

### VI. RELIEF REQUESTED

1. Appoint pro bono counsel under *28 U.S.C. § 1915(e)(1) (or appoint a Rule 17(c)(2) guardian ad litem)*.
2. Order the ADA Coordinator and Clerk to commence the Section 504 interactive process within seven (7) days and to issue written *§ 35.164* findings for any future denial.
3. Stay all deadlines until counsel or equivalent accommodation is in place.
4. Clarify that the 26 June 2025 Order does not relieve court personnel of independent Section 504 and Judicial-Conference duties.

### VII. LCR 7(i) MEET-AND-CONFER CERTIFICATION

On 27 June 2025 Plaintiff (through Athena AI) emailed ADA Coordinator Patrick Sherwood ADA assistance. Mr. Sherwood replied: **"The Clerk's office will take no action in response to your email."** This unequivocal refusal foreclosed any productive conference. Plaintiff therefore certifies that he made a good-faith effort to confer and that further efforts would be futile. (Ex. A — Sherwood Refusal.)

### VIII. CONCLUSION

Because the Court's prior Order rests on factual misapprehensions, misapplication of Ninth-Circuit authority, and clear procedural violations, reconsideration is warranted. Plaintiff respectfully requests that the Court grant this motion and amend its 26 June 2025 Order accordingly.

Respectfully submitted 30 June 2025

*/s/ signature/*

**William Nelson, Pro Se**
1523 132ND ST SE. STE C418
Everett, Wa 98208
(425) 645-9222 (desk)
(425) 800-8800 (mobile)
(808) 204-1401 (fax)
william@seattleseahawks.me (email)

EMERGENCY MOTION FOR RECONSIDERATION APPOINTMENT OF COUNSEL UNDER LCR 7(H) AND MOTION TO ALTER OR AMEND JUDGMENT UNDER FRCP 59(E)NOTE ON MOTION CALENDAR: JULY 10, 2025    ORAL ARGUMENT REQUESTED - 4