William Nelson
1523 132ND ST SE STE. C418
Everett, Washington 98208
425-645-9222 | 808-204-1401
william@seattleseahawks.me

HON. JUDGE DAVID G. ESTUDILLO

FILED ___ LODGED
___ RECEIVED

JUL 01 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT (TACOMA DIVISION)

| | |
|---|---|
| WILLIAM NELSON,<br><br>**Plaintiff,**<br><br>vs.<br><br>**WASHINGTON BOARD OF INDUSTRIAL INSURANCE APPEALS ET AL.**<br><br><br><br>**Defendants.** | Case No.: 3:25-cv-05551-DGE<br><br>**MOTION FOR EX PARTE MOTION FOR LEAVE TO FILE OVER-LENGTH BRIEF (LCR 7(F)(1))**<br><br>**NOTE ON MOTION CALENDAR: JULY 7, 2025** |

Filed under Fed. R. Civ. P. 5(a)(1)(D) and LCR 5(g)(2) because the motion contains protected-health information and seeks relief solely from the Court and its officers.

Plaintiff respectfully moves—pursuant to Local Civil Rule 7(f)(1)—for leave to file an over-length "Emergency Motion for Reconsideration and Rule 59(e)/54(b) Motion" that totals **1,847 words** (approximately eight double-spaced pages). LCR 7(h) otherwise limits reconsideration motions to 4,200 words (roughly six pages).

### I. GOOD-CAUSE GROUNDS

1. **Constitutional and statutory complexity:**

    The brief addresses intertwined First-Amendment, Fifth-Amendment, Section 504,

    All-Writs-Act, and Judicial-Conference-policy issues, as well as a newly decided Supreme

    Court case *(A.J.T. v. Osseo Area Schools, June 2025).* Explaining how each body of law

MOTION FOR EX PARTE MOTION FOR LEAVE TO FILE OVER-LENGTH BRIEF (LCR 7(F)(1))NOTE ON MOTION CALENDAR: JULY 7, 2025 - 1

applies—and why structural error mandates reversal—cannot be done in six pages without sacrificing essential legal analysis.

2. **Extensive new evidence:**

The motion must summarize (a) Dr. Jessica Bender's Long-COVID evaluation and addendum, (b) three longitudinal letters from Dr. David Higginbotham, and (c) the ADA-Coordinator's 27 June 2025 refusal email. Each document is critical to the manifest-error showing.

3. **Plaintiff's cognitive disability:**

Plaintiff suffers from Long-COVID neurocognitive sequelae (MoCA 17/30). Condensing the brief further would risk omissions and confusion; the current draft represents a balance between brevity and clarity that Plaintiff (with assistive AI) can manage.

4. **Judicial efficiency:**

A fuller presentation now will aid the Court's review and reduce serial filings or piecemeal supplementation later.

## II.  COMPLIANCE WITH LCR 7(f)

- Word-count certification (LCR 7(e)(6)) appears at the end of the underlying brief.
- This motion is noted **three days before** the motion calendar date for the underlying brief (July 10, 2025), satisfying LCR 7(f)(1).

## III.  RELIEF REQUESTED

Plaintiff respectfully asks the Court to authorize an over-length reconsideration brief of up to **1,900 words** (the filed draft contains 1,847 words).

MOTION FOR EX PARTE MOTION FOR LEAVE TO FILE OVER-LENGTH BRIEF (LCR 7(F)(1))NOTE ON MOTION CALENDAR: JULY 7, 2025 - 2

1 | Respectfully submitted 30 June 2025

[signature]

**William Nelson, Pro Se**
1523 132ND ST SE. STE C418
Everett, Wa 98208
(425) 645-9222 (desk)
(425) 800-8800 (mobile)
(808) 204-1401 (fax)
william@seattleseahawks.me (email)