FILED  LODGED  RECEIVED
JUL 01 2025
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT (TACOMA DIVISION)

| | |
|---|---|
| William Nelson,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON BOARD OF INDUSTRIAL INSURANCE APPEALS ET AL.<br><br>Defendants. | Case No.: 3:25-cv-05551-DGE<br><br>EX PARTE MOTION FOR COMPETENCY HEARING AND APPOINTMENT OF PRO BONO COUNSEL OR, IN THE ALTERNATIVE, A LIMITED GUARDIAN AD LITEM<br>(Fed. R. Civ. P. 17(c)(2);<br>28 U.S.C. § 1915(e)(1))<br><br>NOTE ON MOTION CALENDAR:<br>Requested—Clerk to assign earliest available date (LCR 7(d)) |

## I. RELIEF REQUESTED

Cynthia S. Nelson ("Cynthia"), mother and next friend of Plaintiff William J. Nelson ("William"), respectfully moves the Court to:

1. Order a competency hearing to determine William's present ability to prosecute this action and protect his legal interests;

2. Appoint pro bono counsel for William under 28 U.S.C. § 1915(e)(1) or, in the alternative, appoint a limited Guardian ad Litem (GAL) pursuant to Fed. R. Civ. P. 17(c)(2);

3. Tailor any guardianship so William retains maximum civil and personal rights.

## II. GROUNDS FOR MOTION

This motion is supported solely by Cynthia's sworn Declaration based on her personal knowledge and observations.

### III. STATEMENT OF FACTS

1. Pre-Illness Baseline Until 2021 William maintained three jobs, managed multiple business ventures, and qualified for a Boston Marathon—demonstrating robust executive functioning.

2. Onset of Cognitive Decline: After contracting COVID-19 in August 2022 William experienced blackouts, memory lapses, sensory overload, and episodes of unresponsiveness. The first blackout occurred on 10 Oct 2022; additional episodes required ER visits in 2023-2025.

3. Computer Assistant Program Athena:  William built a voice-activated computer program he calls Athena like the talking computer on Star Trek. Athena can flip the lights on or off, open or close the blinds, check William's e-mail, call 911 when he falls down, jot down what he says, remind him of appointments, and generally act like a personal secretary.  But court cases move fast; deadlines, surprise filings, and dense legal language pile up faster than William can keep up. Even when Athena reads documents aloud or shows them on a screen, William becomes overwhelmed, shuts down, or repeats questions over and over.

### IV. AUTHORITY

A. Fed. R. Civ. P. 17(c)(2): If the Court finds William incompetent and pro bono counsel unavailable or insufficient, it must appoint a guardian ad litem—or issue

another appropriate order—to protect his interests.

B. 28 U.S.C. § 1915(e)(1): Courts may "request an attorney to represent any person unable to afford counsel" when mental impairments hinder self-representation and the issues are complex. See Agyeman v. Correct. Corp. of Am., 390 F.3d 1101, 1103-04 (9th Cir. 2004).

C. Due-Process & ADA Principles: Meaningful access to courts for cognitively impaired, home-bound litigants is mandated by the Fifth Amendment and § 504 of the Rehabilitation Act.

## V. ARGUMENT

1. Substantial Question of Competence: My declaration details sudden and sustained cognitive decline, significant financial loss due to impaired judgment, and multiple blackout episodes—facts that, if accepted, meet the threshold for ordering a competency hearing. Cf. Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005).

2. Appointment of Pro Bono Counsel Is the Least Restrictive Means. This case involves complex federal statutes and electronic-filing rules. William's executive-function deficits evident even with Athena preclude effective self-representation. Counsel can safeguard his rights while minimizing intrusion. See Harrington v. Scribner, 785 F.3d 1299, 1309 (9th Cir. 2015).

3. Alternative Relief: Limited GAL: If pro bono counsel cannot be secured, the Court should appoint a limited GAL under Rule 17(c)(2) to manage litigation tasks while preserving William's personal autonomy.

4. Narrow Tailoring: Whether through counsel or GAL, protective measures should be limited to remote appearances, paced hearings, and continued use of assistive devices, preserving William's core civil rights.

## VI. CONCLUSION

For the foregoing reasons, Cynthia S. Nelson, as next friend, respectfully asks the Court (i) to set a competency hearing and (ii) to appoint pro bono counsel for William or, if counsel is unavailable or ineffective, to appoint a limited Guardian ad Litem as set forth above, and to issue the proposed order submitted herewith.

DATED: July 1, 2025.             Respectfully submitted,

*[signature]*

Cynthia S. Nelson, next friend

2311 189TH ST E

Tacoma, WA 98445

Phone: 916-215-8384

Email: vigilant.1@hotmail.com