UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT (TACOMA DIVISION)

| | |
|---|---|
| William Nelson,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON BOARD OF INDUSTRIAL INSURANCE APPEALS ET AL.<br><br>Defendants. | Case No.: 3:25-cv-05551-DGE<br><br>DECLARATION OF CYNTHIA S. NELSON IN SUPPORT OF EX PARTE MOTINO FOR COMPETENCY HEARING AND APPOINTMENT OF PRO BONO COUNSEL OR ALTERNATIVE GAL |

I, Cynthia S. Nelson, hereby declare as follows:

1. Identity & Capacity: I am William J. Nelson's biological mother. I make this declaration on personal knowledge to support my ex parte motion, filed as William's "next friend," asking the Court to (a) evaluate his competency to proceed in this civil action and (b) appoint pro bono counsel or, if necessary, a limited guardian ad litem.

2. Qualifications & Relevant Background: I hold a Ph.D. in Psychology (Grand Canyon University, 2021); an M.S. in Psychology with an emphasis in Marriage & Family Therapy (Grand Canyon University, 2007 practicum completed); a B.S. in Applied Professional Studies—Education (2002); an A.A. in Liberal Studies (2000); and a Bible Diploma (1999). I also maintain an active teaching certificate. Over many years teaching in a large faith-based private school, I received extensive training in evidence-based methods for students with learning disabilities, developmental delays, autism, and ADHD. My graduate work on executive-function disorders gives me foundational knowledge to recognize when an adult struggles with planning, memory, and mental stamina.

3. William's Baseline Before Illness:  Before contracting COVID-19 in August 2022, William excelled at complex technical tasks, managed household finances, and ran small business projects. He could drive, handle computer systems, and navigate everyday obligations without guidance.

4. Initial Blackouts & Progressive Decline:  On October 10, 2022, William experienced his first sudden blackout. Since then, he has had several similar episodes in 2023, 2024, and 2025, some resulting in emergency-room visits and brain scans.  Concussion protocols were difficult to complete because of his cognitive confusion.  Between these episodes William often becomes bedridden for days or weeks, sensitive to visual and auditory signals.

5. Major Financial Loss:  In mid-2023 William inexplicably transferred approximately $57,000 into cryptocurrency platforms.  Neither I nor his wife Jessie understand the transactions; we only know the money is unrecoverable.  William could not later explain why he initiated the transfers.

6. Current Cognitive Symptoms:  William frequently repeats the same questions, loses track of conversations, and sometimes makes incoherent statements.  At other moments he can sound fully lucid, but stress or complex input quickly overwhelms him and triggers shutdowns or fainting spells.

7. Computer Assistant Athena:  William built a computer program named Athena like the talking computer on Star Trek.  Athena can turn lights on/off, raise blinds, read e-mails aloud, dial 911 if William falls, take dictation, and remind him about appointments. Despite these strengths, I believe court litigation moves faster than William can process. Deadlines, surprise filings, and dense legal language pile up. Even when Athena reads filings aloud or displays them on screen, William becomes overwhelmed, shuts down, or repeatedly asks the same questions to his computer.

8. Need for Court Oversight:  Based on my interactions with William, I believe he cannot independently safely participate in this case without professional assistance. Tailored guardianship or counsel is needed so he retains personal rights yet has reliable advocacy.

9. Efforts to Obtain Counsel Informally: I am not aware of William securing an attorney for this case. He told me he tried to reach out to several lawyers, but they either said their caseloads were full or ended the call because they could not understand him. I believe his cognitive fluctuations make consistent outreach nearly impossible.

10. No Access to Private Records: I do not possess William's medical charts or bank records and therefore rely solely on my observations stated above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.


Executed on July 1, 2025, in Pierce County Washington.


*[signature: Cynthia S. Nelson]*

Cynthia S. Nelson