UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM NELSON,<br><br>        Plaintiff,<br>    v.<br><br>WASHINGTON BOARD OF INDUSTRIAL APPEALS et al.,<br><br>        Defendants. | CASE NO. 3:25-cv-05551-DGE<br><br>ORDER |

This matter is before the Court on a referral of Chief Judge David G. Estudillo's order regarding recusal ("Order"). Dkt. No. 23. Having reviewed Judge Estudillo's Order as well as the relevant record, the Court AFFIRMS Judge Estudillo's Order denying the motion to recuse.

### I.    BACKGROUND

On March 12, 2025, Plaintiff filed a motion "(1) to require sworn declarations from chambers personnel; (2) to ensure impartial, ADA-compliant review of pro se filings; and (3) to require de novo judicial review of future recommendations" ("Motion"). Dkt. No. 15. While Plaintiff's motion did not explicitly request the recusal of Judge Estudillo, the motion raised

ORDER – 1

concerns with the bias and impartiality of the judge as the motion requested, among other things, that Judge Estudillo and his chambers staff "affirm they harbor **no bias or prejudice** against pro se litigants, disabled litigants . . . , or litigants who rely on computer software or AI assistance." *Id.* at 1. Therefore, Judge Estudillo construed Plaintiff's motion as including a request for him to recuse, declined to voluntarily recuse, and referred the matter to the undersigned for decision. Dkt. No. 23 at 2–4.

## II.     LEGAL STANDARD

Local Civil Rule ("LCR") 3(f) requires a challenged judge to review motions filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily. If the challenged judge declines to recuse voluntarily, the judge must direct the court clerk to refer the motion to the chief judge for their review. *Id.* If the motion is directed at the chief judge, or if the chief judge (or their designee) is unavailable, the clerk must refer the motion to the active judge with the highest seniority. *Id.*

28 U.S.C. § 455(a) provides that judges of the United States "shall disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." The statute further provides that judges must recuse "[w]here [they have] a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455(b)(1). Similarly, 28 U.S.C. § 144 requires recusal when "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party . . . ." The standard for recusal under both statutes "is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.

1997) (per curiam)). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality [recusal] motion." (citation omitted)).

### III.  DISCUSSION

Pursuant to LCR 3(f), this matter is before this Court on Chief Judge Estudillo's referral to the undersigned of the portion of his June 30, 2025, Order regarding his recusal. Dkt. No. 23 at 4. The undersigned is the active judge with the highest seniority in the Western District of Washington.

Plaintiff's Motion first takes issue with the denial "on Procedural Grounds" of his prior motion for temporary restraining order (Dkt. No. 1-2). Dkt. No. 15 at 2; *see also* Dkt. No. 6 (Order denying TRO). While the motion was indeed denied on procedural grounds, specifically for not following the requirement of Federal Rule of Civil Procedure 65 (*see* Dkt. No. 6 at 2), courts are obligated to follow the rules. Rule 65 states:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; ***and*** (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphases added). As Plaintiff had not met these requirements, Judge Estudillo had no choice but to deny Plaintiff's request.

Second, Plaintiff asserts that his emergency motion for reconsideration (Dkt. No. 10) was "ignored." Dkt. No. 15 at 4. Plaintiff filed his motion for reconsideration on June 24, 2025. Dkt. No. 10. Two days later, on June 26, 2026, Judge Estudillo ruled on that motion. Dkt. No. 18.

ORDER – 3

While Plaintiff may not have been satisfied with the ruling as it was not favorable to him, his motion clearly was not ignored. In fact, it was ruled upon promptly.

Further, as the Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and opinions a judge forms based on "facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky,* 510 U.S. at 555. Thus, Judge Estudillo's order alone cannot be grounds for his recusal.

Third, Plaintiff asserts that pro se pleadings must be liberally construed (Dkt. No. 15 at 4), but this is simply a well-accepted statement of law. *See e.g.*, *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (A pro se complaint must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam))). Even so, a court should "not supply essential elements of the claim that were not initially pled." *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))). Here, Plaintiff offers no factual basis for his allegations of bias. *See generally* Dkt. No. 15. The standard for recusal is "[w]hether a reasonable person *with knowledge of all the facts* would conclude that the judge's impartiality might reasonably be questioned." *McTiernan*, 695 F.3d at 891 (emphasis added). This standard necessarily requires Plaintiff to plead facts showing the alleged bias by Judge Estudillo he claims warrants recusal. He has not done so here.

## IV. CONCLUSION

For the reasons stated in this Order, this Court AFFIRMS Judge Estudillo's order denying Plaintiff's motion to recuse.

Dated this 8th day of July, 2025.

Tana Lin
United States District Judge

ORDER – 5