William Nelson
1523 132ND ST SE STE. C418
Everett, Washington 98208
425-645-9222 | 808-204-1401
william@seattleseahawks.me

HON. JUDGE DAVID G. ESTUDILLO

FILED _____ LODGED
_____ RECEIVED

JUL 08 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT (TACOMA DIVISION)

| | |
|---|---|
| WILLIAM NELSON,<br><br>**Plaintiff,**<br><br>vs.<br><br>**WASHINGTON BOARD OF INDUSTRIAL INSURANCE APPEALS ET AL.**<br><br>**Defendants.** | Case No.: 3:25-cv-05551-DGE<br><br>**PLAINTIFF'S OBJECTION TO THE COURT'S MISCHARACTERIZATION OF PLAINTIFF'S MOTION AND MOTION FOR CLARIFICATION**<br><br>(First of Two Coordinated Motions Filed July 3, 2025 noted the same day under LCR 7(d)(1)) |

### I. INTRODUCTION AND RELIEF SOUGHT

Plaintiff, proceeding *pro se*, lodges this narrowly circumscribed objection and companion motion for clarification. It is filed **contemporaneously** with Plaintiff's Rule 54(b)/LCR 7(h) Motion for Reconsideration (the "Reconsideration Motion"), which is noted for the second Friday pursuant to LCR 7(d)(2). Addressing the instant motion first will streamline, and potentially moot portions of, the Reconsideration Motion.

Plaintiff seeks an order rectifying the Court's 30 June 2025 Order (Dkt. 23), which erroneously construed Plaintiff's earlier filing (Dkt. 15) as a request for recusal. No such request was made. Plaintiff instead advanced **five institutional safeguards** designed to vindicate constitutional and statutory rights, including the ADA's interactive-process mandate and the Supreme Court's directive that *pro se* pleadings be liberally construed. Accordingly, Plaintiff asks the Court to (1) acknowledge that Plaintiff neither requested nor implied recusal, and (2) confirm that the substantive components of Plaintiff's motion (Dkt. 15) remain pending and ripe for adjudication.

PLAINTIFF'S OBJECTION TO THE COURT'S MISCHARACTERIZATION OF PLAINTIFF'S MOTION AND MOTION FOR CLARIFICATION(FIRST OF TWO COORDINATED MOTIONS FILED JULY 3, 2025 NOTED THE SAME DAY UNDER LCR 7(D)(1)) - 1

## II. PROCEDURAL BACKGROUND

On 26 June 2025, Plaintiff filed a motion seeking:

1. **Sworn affirmations** from chambers personnel attesting to impartial treatment of *pro se* submissions;
2. **A directive** enforcing *Haines v. Kerner*, 404 U.S. 519 (1972), and its liberal-construction standard;
3. **Commencement** of an ADA-compliant interactive process to identify reasonable accommodations;
4. **Assurance** that any adverse staff recommendations would receive *de novo* judicial review; and
5. **A status conference** to promote transparent, equitable case management.

Plaintiff expressly affirmed confidence in the Court's impartiality and sought structural—not personal—remedies. On 30 June 2025, the Court entered an Order (Dkt. 23) that **re-cast these systemic requests as a motion for recusal**, denied the reframed relief, and left all five safeguards unaddressed.

## III. GOVERNING LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) authorizes district courts to revise interlocutory orders at any juncture to correct **clear legal error** or avert **manifest injustice**. Local Civil Rule 7(h) supplies the procedural vehicle. Misattributing a litigant's requested relief is clear error, particularly where, as here, the litigant proceeds *pro se* and is entitled to liberal construction of pleadings. *See* **Erickson v. Pardus**, 551 U.S. 89 (2007).

## IV. ARGUMENT

**A. The Order Erroneously Transmogrified Institutional Requests into a Recusal Motion**

The plain text of Dkt. 15 contains **no demand for recusal**. By transmogrifying systemic procedural requests into a personal challenge, the Order contravened *Haines* and *Erickson*, thereby committing reversible error.

**B. Failure to Address the Five Enumerated Safeguards Violates Due Process**

The Due Process Clause guarantees a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319 (1976). By dispatching a straw-man issue, the Order elided Plaintiff's substantive entreaties and denied Plaintiff a fair hearing on critical constitutional and statutory claims.

\\

PLAINTIFF'S OBJECTION TO THE COURT'S MISCHARACTERIZATION OF PLAINTIFF'S MOTION AND MOTION FOR CLARIFICATION(FIRST OF TWO COORDINATED MOTIONS FILED JULY 3, 2025 NOTED THE SAME DAY UNDER LCR 7(D)(1)) - 2

## V. REQUESTED CLARIFICATION

Plaintiff respectfully requests an order that:

1. **Affirms** that Plaintiff did not seek recusal and does not impugn the Court's impartiality;
2. **Re-dockets** Plaintiff's Motion (Dkt. 15) for adjudication of the five enumerated safeguards; and
3. **Sets an expedited schedule** for briefing or oral argument on those safeguards.

Such relief will conserve judicial resources and forestall unnecessary appellate proceedings predicated on a ministerial misinterpretation.

## VI. COMPLIANCE STATEMENT

This memorandum does not exceed six pages, satisfying LCR 7(e)(1), and is filed within fourteen days of the challenged order, as required by LCR 7(h)(2).

## VII. CONCLUSION

For the foregoing reasons, Plaintiff prays that the Court grant the requested clarification and thereafter adjudicate the substantive relief delineated in Dkt. 15.

Respectfully submitted 3 July 2025

*/s/ William Nelson*

**William Nelson, Pro Se**
1523 132ND ST SE, STE C418
Everett, Wa 98208
(425) 645-9222 (desk)
(425) 800-8800 (mobile)
(808) 204-1401 (fax)
william@seattleseahawks.me (email)

PLAINTIFF'S OBJECTION TO THE COURT'S MISCHARACTERIZATION OF PLAINTIFF'S MOTION AND MOTION FOR CLARIFICATION(FIRST OF TWO COORDINATED MOTIONS FILED JULY 3, 2025 NOTED THE SAME DAY UNDER LCR 7(D)(1)) - 3