William Nelson
1523 132ND ST SE STE. C418
Everett, Washington 98208
425-645-9222 | 808-204-1401
william@seattleseahawks.me

HON. JUDGE DAVID G. ESTUDILLO

_____ FILED _____ LODGED
_____ RECEIVED

JUL 08 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT (TACOMA DIVISION)

WILLIAM NELSON,

**Plaintiff,**

vs.

**WASHINGTON BOARD OF INDUSTRIAL INSURANCE APPEALS ET AL.**

**Defendants.**

Case No.: 3:25-cv-05551-DGE

**PLAINTIFF'S RULE 54(b) MOTION FOR RECONSIDERATION, CLARIFICATION, AND STRUCTURAL REMEDIES**

(Filed contemporaneously with Same-Day Objection, Dkt. __) NOTED FOR CONSIDERATION: Friday, Second Friday pursuant to LCR 7(d)(2)

## I.     INTRODUCTION AND PROCEDURAL POSTURE

This Rule 54(b) motion is submitted alongside Plaintiff's same-day Objection, which corrects the Court's mischaracterization of Plaintiff's prior institutional-reform motion (Dkt. 15). The present motion asks the Court to revisit and correct its 30 June 2025 Order (Dkt. 23), which denied relief by framing the requested safeguards as a motion for judicial recusal. Having resolved that threshold error in the companion filing, Plaintiff now seeks rulings on the **five institutional safeguards** originally requested and, on the Court's, statutory and constitutional accommodation duties.

**The Five Requested Safeguards**

1.  **Sworn Staff Declarations** attesting to neutral handling of pro se pleadings.

2.  **Liberal-Construction Directive** under *Haines v. Kerner*, 404 U.S. 519 (1972), and *Erickson v. Pardus*, 551 U.S. 89 (2007).

PLAINTIFF'S RULE 54(B) MOTION FOR RECONSIDERATION, CLARIFICATION, AND STRUCTURAL REMEDIES(FILED CONTEMPORANEOUSLY WITH SAME-DAY OBJECTION, DKT. __) NOTED FOR CONSIDERATION: FRIDAY, SECOND FRIDAY PURSUANT TO LCR 7(D)(2) - 1

3.   **ADA-Compliant Interactive Process** consistent with the Judicial Conference's 1995 accessibility policy (Guide to Judiciary Policy, Vol. 5, § 255.10).

4.   **De Novo Judicial Review** of any adverse staff or magistrate recommendations.

5.   **Status Conference** to ensure ongoing procedural fairness for a cognitively impaired litigant.

Each safeguard is grounded in both statutory and constitutional authority and is reinforced by empirical evidence of systemic bias against pro se litigants.

## II.    GOVERNING LEGAL FRAMEWORK

### A. Statutory Foundations

| Source | Key Principle | Applicability |
|---|---|---|
| **Rehabilitation Act § 504** (29 U.S.C. § 794) | Entities receiving federal funds must provide reasonable accommodations. | Judiciary appropriations satisfy the "federal funds" element; no appellate decision categorically exempts Article III courts. |
| **ADA Title II &** **28 C.F.R. pt. 35** | Congress validly abrogated immunity for court-access claims. | Confirmed in *Tennessee v. Lane*, 541 U.S. 509 (2004). |
| **Judicial Conference Policy (JCUS-SEP 1995)** | All federal courts must ensure effective communication and reasonable modification. | Binding internal policy; courts routinely invoke it to process ADA requests. |

### B. Constitutional Imperatives

1.   **Due Process (Fifth Amendment).** Meaningful access to the courts is fundamental. Denial of disability accommodations is constructive deprivation. See *Mathews v. Eldridge*, 424 U.S. 319 (1976).

2.   **Petition Clause (First Amendment).** Barriers that uniquely burden disabled litigants violate the right to seek redress.

3.   **Equal-Protection Component of the Fifth Amendment.** Wealth- or disability-based impediments contravene *Griffin v. Illinois*, 351 U.S. 12 (1956).

These doctrines require accommodations even if statutory coverage were doubtful.

\\

\\

\\

\\

PLAINTIFF'S RULE 54(B) MOTION FOR RECONSIDERATION, CLARIFICATION, AND STRUCTURAL REMEDIES(FILED CONTEMPORANEOUSLY WITH SAME-DAY OBJECTION, DKT. __) NOTED FOR CONSIDERATION: FRIDAY, SECOND FRIDAY PURSUANT TO LCR 7(D)(2) - 2

1

### III.    MANIFEST ERRORS JUSTIFYING RECONSIDERATION

2

**A.  Straw-Man Reframing**

3

The Court erroneously treated institutional-process requests as a demand for recusal. This mischaracterization,

4

addressed in the companion Objection, warrants vacatur of the 30 June Order under Rule 54(b).

5

**B.  Failure to Apply Liberal-Construction Doctrine**

6

Ignoring *Haines* and *Erickson*—which command liberal reading of pro se filings—constitutes clear legal error.

7

**C.  Omission of Accommodation Authorities**

8

The Order failed to analyze § 504, Title II, the Judicial Conference policy, or controlling constitutional

9

precedent—another reversible error.

10

**D.  Denial of Authorized Discovery**

11

Rules 26(b)(1), 43(c), and 45 permit subpoenas and declarations from court staff on bias and ADA compliance

12

(*Chambers v. DOI*, 602 F.3d 1370 (Fed. Cir. 2010); *Lane v. Franks*, 573 U.S. 228 (2014)). The Order's contrary

13

statement is plainly incorrect.

14

15

### IV.    ARGUMENT IN SUPPORT OF EACH SAFEGUARD

16

**1.  Sworn Staff Declarations**

17

Empirical studies—e.g., Judge Posner's observations that pro se appeals are "rubber-stamped"—justify limited

18

sworn statements to confirm impartial processing.

19

**2.  Liberal-Construction Directive**

20

A formal directive ensures chambers staff apply *Haines/Erickson* standards, preventing dismissals based on

21

procedural technicalities.

22

**3.  ADA-Compliant Interactive Process**

23

The Guide to Judiciary Policy obliges courts to engage in an interactive process. Failure to do so amounts to

24

deliberate indifference (*Reed v. Illinois*, 808 F.3d 1103 (7th Cir. 2015)).

25

**4.  De Novo Review**

26

Independent judicial review of adverse staff recommendations guards against systemic bias and satisfies

27

due-process requirements.

28

PLAINTIFF'S RULE 54(B) MOTION FOR RECONSIDERATION, CLARIFICATION, AND STRUCTURAL REMEDIES(FILED CONTEMPORANEOUSLY WITH SAME-DAY OBJECTION, DKT. __) NOTED FOR CONSIDERATION: FRIDAY, SECOND FRIDAY PURSUANT TO LCR 7(D)(2) - 3

**5. Status Conference**

A short hearing will align expectations, accommodate assistive technology, and reduce future disputes.

## V.    REQUESTED RELIEF

Plaintiff respectfully seeks an order that:

1.  **VACATES** the mischaracterized portions of the 30 June 2025 Order (Dkt. 23).

2.  **GRANTS** the five safeguards with the following deadlines:

    o  Staff declarations — 14 days.

    o  Liberal-construction directive — immediately.

    o  ADA interactive meeting — 21 days.

    o  De novo-review protocol — incorporated into all future Reports & Recommendations.

    o  Status conference — within 30 days.

3.  **ALTERNATIVELY,** sets oral argument at the Court's earliest convenience.

## VI.    CONCLUSION

Reconsideration is necessary to correct clear legal errors, avert manifest injustice to a cognitively disabled pro se litigant, and align the Court's practices with both statutory mandates and constitutional guarantees. The requested safeguards will promote transparency, fairness, and judicial efficiency.

Respectfully submitted 3 July 2025

**William Nelson, Pro Se**
1523 132ND ST SE. STE C418
Everett, Wa 98208
(425) 645-9222 (desk)
(425) 800-8800 (mobile)
(808) 204-1401 (fax)
william@seattleseahawks.me (email)

PLAINTIFF'S RULE 54(B) MOTION FOR RECONSIDERATION, CLARIFICATION, AND STRUCTURAL REMEDIES(FILED CONTEMPORANEOUSLY WITH SAME-DAY OBJECTION, DKT. ___) NOTED FOR CONSIDERATION: FRIDAY, SECOND FRIDAY PURSUANT TO LCR 7(D)(2) - 4