William Nelson
1523 132ND ST SE STE. C418
Everett, Washington 98208
425-645-9222 | 808-204-1401
william@seattleseahawks.me

HON. JUDGE TANA LIN
NOTED FOR SAME-DAY CONSIDERATION (LCR 7(d)(1))

FILED _____ LODGED
_____ RECEIVED

JUL 21 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT (TACOMA DIVISION)

| | |
|---|---|
| WILLIAM NELSON, | Case No.: 3:25-cv-05551-DGE |
| Plaintiff, | |
| vs. | **PLAINTIFF'S NOTICE OF INTERVENING DOCKET ENTRIES AND** |
| WASHINGTON BOARD OF INDUSTRIAL INSURANCE APPEALS ET AL. | **RULE 54(B) / LCR 7(H) MOTION TO VACATE—OR HOLD IN ABEYANCE—ORDER (DKT. 29)** |
| Defendants. | |

## I.   RELIEF REQUESTED

Plaintiff respectfully moves the Court to **VACATE** Order (Dkt. 29) as prematurely entered—or, in the alternative, to **hold it in abeyance**—under Fed. R. Civ. P. 54(b) and LCR 7(h). The Order was issued before the Clerk docketed three interrelated July 3 filings (Dkts. 30–32), misidentifies the relief requested, contains a clerical date error, and compounds an ongoing denial of accommodations that has already produced documented medical harm and a constitutional deprivation of access to the courts.

## II.   INTRODUCTION

- On **8 July 2025** the Court issued Order 29 denying what it construed as a request to recuse Chief Judge Estudillo.

- That same afternoon the Clerk file-stamped:

PLAINTIFF'S NOTICE OF INTERVENING DOCKET ENTRIES ANDRULE 54(B) / LCR 7(H) MOTION TO VACATE—OR HOLD IN ABEYANCE—ORDER (DKT. 29) - 1

- o **Dkt. 30** – *Objection to Court Mischaracterization & Motion for Clarification* (stating Plaintiff **did not** seek recusal and requesting five institutional safeguards);
- o **Dkt. 31** – *Rule 54(b) Motion for Reconsideration*;
- o **Dkt. 32** – *Request for Judicial Notice*.

Because Order 29 could not have considered those papers, it rests on an incomplete record. Moreover, the Court's refusal to allow e-mail filing under Title II of the ADA and § 504 of the Rehabilitation Act forces Plaintiff—a home-bound, cognitively disabled litigant—into a coercive courier arrangement with his 68-year-old mother, precipitating a medically verified cognitive shutdown. That refusal also violates the **fundamental constitutional right of court access** protected by the First and Fifth Amendments, as recognized in, *e.g.*, *Bounds v. Smith*, 430 U.S. 817 (1977), and *Tennessee v. Lane*, 541 U.S. 509 (2004).

### III.  PROCEDURAL BACKGROUND

1. **June 30 2025 – Order Requiring Clarification (Dkt. 24).** The Court suggested Plaintiff's earlier filing "could be construed" as seeking recusal and invited clarification.

2. **July 3 2025 – Plaintiff prepares objection & companion motions.** Plaintiff finalized Dkts. 30-32 for next-day filing.

3. **July 6 2025 – Pick-up by courier.** Plaintiff's mother, **Cynthia S. Nelson (DOB 6/29/1957)**, retrieved the packet from Plaintiff's Everett residence.

4. **July 7 2025 – Filing delayed.** Cynthia did **not** submit the papers to the Clerk on the next business day, instead withholding them while pressing Plaintiff for access to his assistive software ("Athena AI").

5. **July 8 2025 – Crisis and late filing.** After an intervention by Plaintiff's wife, Jessie L. Nelson, Cynthia relented and filed the packet **late in the day**; the Clerk stamped all three documents "Filed 07/08/25." That morning/early afternoon, unaware the filings were still absent from the docket, the Court entered Order 29 denying the imagined recusal motion and—erroneously—dating Chief Judge Estudillo's decision "June 26 2026."

PLAINTIFF'S NOTICE OF INTERVENING DOCKET ENTRIES AND RULE 54(B) / LCR 7(H) MOTION TO VACATE—OR HOLD IN ABEYANCE—ORDER (DKT. 29) - 2

6. **Unresolved ADA requests.** Since May 2025 Plaintiff has repeatedly sought leave to file by e-mail (Dkts. 11, 15, 18). All remain unanswered, perpetuating the coercive courier scheme and causing repeated post-exertional symptom exacerbation ("PESE/PEM").

## IV. LEGAL STANDARD

- **Rule 54(b).** Interlocutory orders may be revised "at any time" to correct clear error or prevent manifest injustice.
- **LCR 7(h).** Reconsideration is proper where the Court misapprehended material facts or controlling law.
- **Rule 60(a).** Clerical mistakes may be corrected on the Court's own initiative.

## V. ARGUMENT

### A. Order 29 Was Entered on an Incomplete Record.

Because Dkts. 30-32 were pending—but unseen—when Order 29 issued, the Order constitutes clear error warranting vacatur. *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 n.8 (9th Cir. 2005).

### B. The Court's Self-Exemption from Title II and § 504 Conflicts with Supreme Court Precedent and the Constitution.

Although the Judicial Conference adopted Title II accessibility principles in 1995, this District still refuses to allow Plaintiff to file by e-mail, effectively placing itself above the statute it must enforce. In its June 26 2025 order on accommodations (Dkt. 19), the Court brushed aside unrebutted medical letters from Dr. David Higginbotham and instead relied on the Court's **own non-medical observations**—for example, noting that Plaintiff had managed to file several pleadings in a short span—to conclude that no accommodation was necessary. Such lay perceptions cannot substitute for professional medical evidence and demonstrate the very bias Title II and § 504 were enacted to prevent. This posture defies *Lane*, which held that courtroom access for the disabled implicates "basic constitutional guarantees." A judiciary that

PLAINTIFF'S NOTICE OF INTERVENING DOCKET ENTRIES ANDRULE 54(B) / LCR 7(H) MOTION TO VACATE—OR HOLD IN ABEYANCE—ORDER (DKT. 29) - 3

exempts itself from civil-rights statutes while applying them to others undermines public confidence and violates Plaintiff's **fundamental right of access to the courts** under the First and Fifth Amendments.

### C. Denial of E-Mail Filing Has Inflicted Concrete Harm.

The refusal:

- Forces a 120-mile round-trip courier loop;
- Gives an adverse third party leverage to delay or withhold filings;
- Triggered a documented cognitive crash requiring medical intervention (Nelson Decl. ¶¶ 8-11).

### D. Clerical Error Further Undermines Confidence in Order 29.

Order 29 references "June 26 2026"—a facial impossibility. Under Rule 60(a) the error must be corrected, confirming the Order was issued in haste without full record review.

### E. Vacatur (or Abeyance) Promotes Judicial Economy and Prejudices No One.

No defendant briefing on recusal was solicited; restoring the status quo ante harms no party and allows proper adjudication of the actual disputes in Dkts. 30-32 and Plaintiff's ADA/constitutional claims.

## VI.  RELIEF REQUESTED

Plaintiff asks that the Court:

1. **VACATE** Order 29 as prematurely entered, *or* hold it in abeyance pending full resolution of Dkts. 30-32;
2. **CORRECT** the clerical error ("June 26 2026" → "June 26 2025");
3. **DEEM** Dkts. 30-32 timely and set an expedited briefing schedule if necessary;
4. **GRANT** Plaintiff leave, as a reasonable ADA accommodation, to transmit future filings by e-mail or secure electronic upload;
5. **DECLARE** that the current filing-bar violates Plaintiff's constitutional right of court access;
6. **GRANT** such further relief as justice requires.

## VII. CONCLUSION

Order 29 was entered without a complete record, contains a material clerical defect, and perpetuates statutory and constitutional violations that have already harmed a disabled litigant. Vacatur—or, at minimum, abeyance—is necessary to prevent manifest injustice and to reaffirm that **no branch of government is above the civil-rights laws and constitutional guarantees it is sworn to uphold.**

Respectfully submitted 15 July 2025

*[signature]*

**William Nelson, Pro Se**
1523 132ND ST SE. STE C418
Everett, Wa 98208
(425) 645-9222 (desk)
(425) 800-8800 (mobile)
(808) 204-1401 (fax)
william@seattleseahawks.me (email)

## EXHIBITS

- **Exhibit A** – Declaration of William J. Nelson (with therapist letter as being mailed directly by Daniel Fox to the court Ex. A-1).

*A proposed order is lodged concurrently.*