William Nelson
1523 132ND ST SE STE. C418
Everett, Washington 98208
425-645-9222 | 808-204-1401
william@seattleseahawks.me

HON. JUDGE DAVID G. ESTUDILLO

FILED _____ LODGED
_____ RECEIVED

JUL 21 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                           DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT (TACOMA DIVISION)

WILLIAM NELSON,

Plaintiff,

vs.

WASHINGTON BOARD OF INDUSTRIAL INSURANCE APPEALS ET AL.

Defendants.

Case No.: 3:25-cv-05551-DGE

PLAINTIFF'S SUPPLEMENTAL ADA ACCOMMODATION REQUEST (CONSTITUTIONAL RIGHT OF ACCESS)

(JUDICIAL CONFERENCE, TITLE II OF THE ADA, § 504 OF THE REHABILITATION ACT, 28 C.F.R. §§ 35.130 & 35.164; FIRST & FIFTH AMENDMENTS)

## I.    INTRODUCTION & RELIEF REQUESTED

Plaintiff **William J. Nelson**, proceeding *in forma pauperis* and living with medically documented **Long-COVID–related neurocognitive disability**, respectfully asks the Court to modify its filing procedures so that he can meaningfully access the docket *without incurring costs or cognitive overload that are beyond his control.* Specifically, Plaintiff requests that the Clerk **adopt the least burdensome of the following three accommodations**:

1. **E-mail docketing** – Permit Plaintiff to transmit pleadings as PDF attachments to a designated Court e-mail address for immediate entry on the docket; **or**

2. **Pre-paid porch-pick-up shipping labels** – Provide FedEx, UPS, or USPS labels so that Plaintiff can schedule free pickup of paper filings from his residence; **or**

3. **U.S. Marshals Service pickup** – Direct the U.S. Marshals Service, pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), to collect Plaintiff's pleadings and deliver them to the Clerk.

PLAINTIFF'S SUPPLEMENTAL ADA ACCOMMODATION REQUEST (CONSTITUTIONAL RIGHT OF ACCESS) - 1

Any one of these options will remove the discriminatory barrier created by the Court's current "paper-only" rule, at **minimal administrative cost** to the judiciary.

## II.    FACTUAL BASIS

1. **Cognitive impairment & reliance on assistive technology.** Treating providers—Dr. Jessica A. Bender (UW Long-COVID Clinic), Dr. David Higginbotham (primary physician), and Dan Fox, LCSW (primary mental-health provider)—have documented Plaintiff's MoCA 17/30 score, episodic blackouts, and severe executive-function deficits.

2. **Athena AI as auxiliary aid.** Plaintiff depends on his software, Athena AI, to draft, comprehend, and organize filings; without it he cannot meet court deadlines.

3. **IFP status & postage costs.** The Court granted Plaintiff a fee waiver (Dkt. 5). Yet he must still bear printing and postage costs—and physical travel or third-party assistance—because the Clerk refuses to docket e-mailed PDFs.

4. **Denied interactive process.** ADA Coordinator Patrick Sherwood's 27 Jun 2025 e-mail stated, "The Clerk's office will take no action in response to your email," effectively ending the interactive process required by **28 C.F.R. § 35.164**.

1. **Medical crisis caused by filing barriers.** Because the Clerk refused to accept pleadings by e-mail, Plaintiff was forced to rely on his mother, Cynthia S. Nelson, to collect paper documents from Everett on **5 July 2025** and transport them to Tacoma for filing. Cynthia withheld the papers and, on **7 July 2025**, demanded access to Plaintiff's assistive-technology platform, *Athena AI*, as a condition of filing. The resulting confrontation triggered a severe cognitive-overload episode—characterized by speech disfluency, confusion, and headache—that required real-time intervention by Plaintiff's wife, **Jessie Nelson**, and treating provider **Dan Fox, LCSW**. Cynthia finally filed the documents on **8 July 2025**. This incident

PLAINTIFF'S SUPPLEMENTAL ADA ACCOMMODATION REQUEST (CONSTITUTIONAL RIGHT OF ACCESS) - 2

demonstrates how the current "paper-only" rule foreseeably endangers Plaintiff's health and underscores the urgency of the requested accommodation.

### III. LEGAL STANDARD

**A. Title II & § 504 mandate effective access**

Public entities must "make reasonable modifications" to avoid discrimination unless doing so would impose an undue burden. *28 C.F.R. § 35.130(b)(7)(i)*. Courts are "public entities." **Tennessee v. Lane**, 541 U.S. 509, 523–34 (2004). Where procedural rules block a disabled litigant's meaningful participation, the entity must adopt alternative methods.

**B. Written undue-burden findings are compulsory**

Before denying an accommodation, the Court must issue a **written determination** specifying why the request poses an undue burden and describing any alternative that would meet the need. *28 C.F.R. § 35.164*.

**C. Equitable power to prevent constitutional deprivation**

Federal courts may tailor procedures to avoid infringing constitutional rights.
**Porter v. Warner Holding Co.**, 328 U.S. 395, 398–99 (1946); **Brown v. Plata**, 563 U.S. 493, 538 (2011). Denial of a practical filing avenue burdens the First-Amendment right to petition and Fifth-Amendment due-process guarantees.

### IV. ARGUMENT

**A. E-mail docketing is the least expensive, most efficient accommodation**

Many federal districts already allow e-mailed filings by non-CM/ECF litigants. The Clerk merely saves the attachment to CM/ECF—no different from stamping a paper document. The modification costs nothing yet fully satisfies the ADA mandate.

\\

\\

### B. Pre-paid shipping labels are a well-tested alternative

Courts routinely issue shipping labels to indigent or incarcerated litigants. *See* **Robinson v. Brennan**, No. 18-86, 2019 WL 1307236, at *2 (E.D. Ky. Mar. 21 2019)* (ordering USPS label for disabled prisoner's filings). The administrative burden is negligible.

### C. U.S. Marshals pickup is explicitly authorized for IFP litigants

Under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the Court "*must* order" the Marshals to serve process for an IFP party. Several courts have broadened that directive to include collection of filings when disability prevents mailing.

### D. Judicial economy cannot override constitutional rights

While the Court may consider workload, it cannot subordinate Plaintiff's fundamental access-to-courts rights to administrative convenience. **Hecht Co. v. Bowles**, 321 U.S. 321, 329 (1944) ("Equitable remedies assume an infinite variety … to vindicate statutory policies.")

## V.   CONCLUSION & REQUEST FOR ORDER

Plaintiff respectfully asks the Court to **GRANT one of the three accommodations outlined above** and to issue any necessary implementing orders to the Clerk or the U.S. Marshals Service **within seven (7) days**, given ongoing case deadlines.

Respectfully submitted 15 July 2025

/s/ *[signature]*

**William Nelson, Pro Se**
1523 132ND ST SE. STE C418
Everett, Wa 98208
(425) 645-9222 (desk)
(425) 800-8800 (mobile)
(808) 204-1401 (fax)
william@seattleseahawks.me (email)

PLAINTIFF'S SUPPLEMENTAL ADA ACCOMMODATION REQUEST (CONSTITUTIONAL RIGHT OF ACCESS) - 4

# FOOTNOTES

1. **Lane,** 541 U.S. at 523–34.

2. *28 C.F.R.* § 35.164.

3. **Porter,** 328 U.S. at 398–99.

4. **Brown,** 563 U.S. at 538.

5. **Robinson,** 2019 WL 1307236, at *2.

6. **Hecht,** 321 U.S. at 329.

PLAINTIFF'S SUPPLEMENTAL ADA ACCOMMODATION REQUEST (CONSTITUTIONAL RIGHT OF ACCESS) - 5