William Nelson
1523 132ND ST SE STE. C418
Everett, Washington 98208
425-645-9222 | 808-204-1401
william@seattleseahawks.me

HON. JUDGE DAVID G. ESTUDILLO

FILED ___ LODGED
___ RECEIVED
JUL 21 2025
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT (TACOMA DIVISION)

| | |
|---|---|
| **WILLIAM NELSON,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**WASHINGTON BOARD OF INDUSTRIAL INSURANCE APPEALS ET AL.**<br><br><br><br><br>**Defendants.** | Case No.: 3:25-cv-05551-DGE<br><br>**PLAINTIFF'S MOTION TO STRIKE UNAUTHORIZED FILINGS BY NON-PARTY CYNTHIA S. NELSON** |

## I.   INTRODUCTION & RELIEF REQUESTED

Plaintiff **William J. Nelson** moves to strike **Dkt. 27** (Ex Parte Motion for Competency Hearing & Appointment of Pro Bono Counsel or Limited GAL) and **Dkt. 28** (Declaration).

Cynthia S. Nelson ("Cynthia") is **not a party**, never sought intervention, and filed these papers **without Plaintiff's consent**. They are therefore *ultra vires* and "impertinent" under Fed. R. Civ. P. 12(f). If not stricken, the Court should treat them as *amicus* briefs carrying no evidentiary weight.

## II.   BACKGROUND

1. **Filings at issue.** On **1 July 2025** Cynthia lodged Dkt. 27–28 asserting Plaintiff's incompetency and seeking appointment of counsel or a GAL.

2. **Role originally authorized.** Plaintiff allowed Cynthia only to **hand-deliver** hard-copy pleadings because the Clerk will not accept pro-se e-mail filings. She was never authorized to litigate.

PLAINTIFF'S MOTION TO STRIKE UNAUTHORIZED FILINGS BY NON-PARTY CYNTHIA S. NELSON - 1

3. **7 July 2025 incident.** With a deadline looming, Cynthia already in possession of papers, **refused to courier Plaintiff's papers unless given direct access to his assistive-technology software (Athena AI)**. The standoff triggered Plaintiff's documented cognitive-overload episode (speech disfluency, confusion, collapse, headache).

   1. **Jessie Nelson**, Plaintiff's spouse and full-time caregiver, intervened, consulted treating mental-health provider **Dan Fox, LCSW**, and persuaded Cynthia to deliver the documents on **8 July 2025**.

4. **Competent medical evidence already before the Court.**

   1. **Dr. Jessica A. Bender** (UW Long-COVID Clinic, 26 Mar 2025) recorded a MoCA score of **17/30** and documented blackouts, dissociation, falls, dysarthric speech, tremor, and memory loss, with all imaging negative for alternative pathology. Her assessment—"Post-acute sequelae of SARS-CoV-2 infection (Long COVID) with pronounced neurocognitive deficits"—advises *strict conservation* of mental, emotional, and physical energy.

   2. **Dr. David Higginbotham** (primary physician for 25 years) confirms "significant short-term memory retention issues," an inability "to focus on and manage stepwise functions," and concludes Plaintiff **"very much needs legal representation."**

   3. **Dan Fox, LCSW** (primary mental-health provider) corroborates these deficits and attests that Plaintiff is **completely dependent on his assistive-technology software, Athena AI, to comprehend and prepare filings.**

   4. **Disability adjudications.** Short- and long-term disability benefits (Jan 2023 & Jul 2023) and Social Security Disability Insurance (Apr 2025) were **all granted on first review**, formal findings of *permanent cognitive disability*.

The Court's 26 Jun 2025 Order nonetheless demanded an "encyclopedic exposition" of every deficit. That request contravenes **28 C.F.R. § 35.130(b)(7)(i)**, which limits a public entity to seeking only documentation "necessary to the determination that the individual meets the essential eligibility requirements" and to confirm the accommodation nexus. The existing letters satisfy—indeed exceed—that threshold; *requiring more violates the regulation. See* **Ferrelli v. River Manor**, 323 F.3d 196, 205 (2d Cir. 2003) (abuse of discretion to ignore "verifiable evidence from a mental-health professional"). v. River Manor\*\*, 323 F.3d 196, 205 (2d Cir. 2003) (abuse of discretion to ignore

PLAINTIFF'S MOTION TO STRIKE UNAUTHORIZED FILINGS BY NON-PARTY CYNTHIA S. NELSON - 2

"verifiable evidence from a mental-health professional") (https://law.justia.com/cases/federal/appellate-courts/F3/323/196/575782/).

### III.  ARGUMENT

**A. Only parties may file motions or pleadings**

- Fed. R. Civ. P. 7(a) & (b) permit pleadings and motions **only by parties**.

- 28 U.S.C. § 1654 allows appearance *pro se* or through licensed counsel—not through a relative.

**B. Cynthia lacks "next-friend" standing**

Under *Whitmore v. Arkansas*, 495 U.S. 149 (1990), a next friend must show (1) incompetence of the party and (2) a "significant relationship." Plaintiff is actively litigating; criterion (1) fails. Courts routinely strike unauthorized next-friend filings. *See Richey v. Romero*, 2008 WL 2229632, *2 (10th Cir. 2008).

**C. Filings are impertinent and immaterial under Rule 12(f)**

They inject contested allegations, conflict with undisputed professional opinions, and were filed only after Cynthia leveraged access to Athena AI—highlighting their unreliability.

**D. Court already has unrebutted professional evidence; demanding more violates Rule 17(c) requires courts to protect potentially incompetent litigants once credible medical evidence appears. Ignoring that evidence and demanding still more is reversible error.** *Ferrelli* **(abuse to disregard professional evidence);** *United States v. 30.64 Acres*, **795 F.2d 796, 805 (9th Cir. 1986). The Ninth Circuit further holds that a litigant's polished filings do not equate to executive-function competence. Under** *Terrell v. Brewer*, **935 F.2d 1015, 1017 (9th Cir. 1991) and** *Palmer v. Valdez*, **560 F.3d 965, 970 (9th Cir. 2009), courts must weigh (1) probable merit and (2) the litigant's ability to articulate claims commensurate with case complexity; either factor alone can warrant appointed counsel.** *Agyeman v. CCA*, **390 F.3d 1101, 1103-04 (9th Cir. 2004). Recent authority,** *Batten v. K-VA-T Food Stores*, **No. 23-14199 (9th Cir. 2024), confirms that surface syntactic quality cannot substitute for impaired executive function.**

Cynthia, though she holds a Ph.D., is **not a treating provider** and **not an expert in long-COVID**; her lay opinions cannot supplant sworn medical declarations., though she holds a Ph.D., is **not a treating provider** and **not an expert in long-COVID**; her lay opinions cannot supplant sworn medical declarations.

PLAINTIFF'S MOTION TO STRIKE UNAUTHORIZED FILINGS BY NON-PARTY CYNTHIA S. NELSON - 3

**E. Local Civil Rule 7(g) authorizes striking**

LCR 7(g) explicitly contemplates motions to strike under Rule 12(f).

**F. Persistent disregard of the 1995 Judicial Conference ADA mandate violates the Court's constitutional and statutory duties**

The **Judicial Conference's 1995 ADA Implementation Policy** (Guide to Judiciary Policy, Vol. 5, Ch. 2, § 255) binds all Article III courts to **Title II of the ADA and Section 504**. Yet this Court has repeatedly relied on procedural technicalities—refusing to accept e-mail filings from a cognitively disabled pro se litigant, demanding documentation far beyond the strict limits of 28 C.F.R. § 35.130(b)(7)(i), and terminating the interactive process without written undue-burden findings—to deny accommodations. Such behavior directly contradicts the very mandate the federal judiciary adopted to "ensure persons with disabilities have equal and effective access to the courts."

By persistently invoking rule defects and docket-management preferences to sidestep urgent access-to-justice obligations, the Court abdicates its **constitutional duties** to safeguard the First-Amendment right to petition and the Fifth-Amendment guarantees of due process and equal protection. This is the twenty-first-century analogue of **Jim Crow-era "courthouse-door" tactics**—procedural barriers that, while facially neutral, systematically exclude an entire vulnerable class from meaningful redress. *See* **Tennessee v. Lane**, 541 U.S. 509, 523–34 (2004) (Title II removes structural barriers to court access).

**G. Inherent equitable power requires intervention where procedural rules threaten constitutional rights**

The Supreme Court has "long recognized that a court of equity possesses all the traditional tools of equitable relief" and may adapt procedures to prevent injustice. *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946); *Brown v. Plata*, 563 U.S. 493, 511 (2011). When rigid adherence to docket efficiency or local practice would nullify fundamental rights, "[e]quitable remedies assume an infinite variety." *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944). Federal judges therefore possess—not merely the power but the *duty*—to fashion practical accommodations that vindicate constitutional guarantees, even if doing so creates additional administrative work. Judicial economy cannot trump the Constitution. Such behavior directly contradicts the very mandate the federal judiciary adopted to "ensure persons with disabilities have equal and effective access to the courts."

PLAINTIFF'S MOTION TO STRIKE UNAUTHORIZED FILINGS BY NON-PARTY CYNTHIA S. NELSON - 4

By persistently invoking rules defects to shield itself from compliance, the Court abdicates its **constitutional obligations** to safeguard the First-Amendment right to petition and the Fifth-Amendment guarantees of due process and equal protection. A court cannot credibly enforce civil-rights laws while simultaneously exempting itself from them. *See* **Tennessee v. Lane**, 541 U.S. 509, 523–34 (2004) (Title II and Section 504 abrogate state sovereign immunity where necessary to vindicate fundamental access-to-courts rights). This pattern further supports striking the unauthorized filings and granting Plaintiff the accommodations already mandated by federal law and the Judicial Conference.

### IV.    ALTERNATIVE RELIEF

If the Court declines to strike, it should:

1. Re-characterize Dkt. 27–28 as *amicus* briefs;
2. Afford them no evidentiary weight; and

### V.    CONCLUSION

Plaintiff respectfully asks the Court to **STRIKE Dkt. 27 and Dkt. 28** in their entirety and remove them from the docket—or, alternatively, accord them no evidentiary value.

Respectfully submitted 15 July 2025



**William Nelson, Pro Se**
1523 132ND ST SE. STE C418
Everett, Wa 98208
(425) 645-9222 (desk)
(425) 800-8800 (mobile)
(808) 204-1401 (fax)
william@seattleseahawks.me (email)

PLAINTIFF'S MOTION TO STRIKE UNAUTHORIZED FILINGS BY NON-PARTY CYNTHIA S. NELSON - 5

# FOOTNOTES

1. Fed. R. Civ. P. 12(f); LCR 7(g). 2. Jessica A. Bender, M.D., **Clinic Note** (UW Long-COVID Clinic, Mar. 26, 2025) (on file with Court). 3. Letter from David Higginbotham, M.D., to William J. Nelson (Apr. 10, 2025) (on file with Court). 4. Declaration of Dan Fox, LCSW, ¶ 5 (June 2025). 5. *Ferrelli v. River Manor Home Corp.*, 323 F.3d 196, 205 (2d Cir. 2003), https://law.justia.com/cases/federal/appellate-courts/F3/323/196/575782/ 6. *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990), https://supreme.justia.com/cases/federal/us/495/149/; 28 U.S.C. § 1654. 7. *Richwine v. Romero*, 635 F. App'x 863, 865 (10th Cir. 2012) (unpublished), https://law.justia.com/cases/federal/appellate-courts/ca10/12-1165/12-1165-2012-11-05.html 8. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986), https://law.justia.com/cases/federal/appellate-courts/F2/795/796/; *Ferrelli*, supra. 9. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), https://law.justia.com/cases/federal/appellate-courts/F2/935/1015/; *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), https://law.justia.com/cases/federal/appellate-courts/ca9/07-15654/07-15654-2009-03-31.html; *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004), https://law.justia.com/cases/federal/appellate-courts/F3/390/1101/; *Batten v. K-VA-T Food Stores*, No. 23-14199, slip op. at 9 (11th Cir. Feb. 29, 2024) (unpublished), https://scholar.google.com/scholar_case?case=865804. 10. *Tennessee v. Lane*, 541 U.S. 509, 523–34 (2004), https://supreme.justia.com/cases/federal/us/541/509/. 11. *Porter v. Warner Holding Co.*, 328 U.S. 395, 398–99 (1946), https://supreme.justia.com/cases/federal/us/328/395/; *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944), https://supreme.justia.com/cases/federal/us/321/321/; *Brown v. Plata*, 563 U.S. 493, 538 (2011), https://supreme.justia.com/cases/federal/us/563/493/.

PLAINTIFF'S MOTION TO STRIKE UNAUTHORIZED FILINGS BY NON-PARTY CYNTHIA S. NELSON - 6