William Nelson
1523 132ND ST SE STE. C418
Everett, Washington 98208
425-645-9222 | 808-204-1401
william@seattleseahawks.me

HON. JUDGE DAVID G. ESTUDILLO

FILED _____ LODGED
_____ RECEIVED

JUL 21 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT (TACOMA DIVISION)

WILLIAM NELSON,

Plaintiff,

vs.

WASHINGTON BOARD OF INDUSTRIAL INSURANCE APPEALS ET AL.

Defendants.

Case No.: 3:25-cv-05551-DGE

**PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY THE U.S. MARSHALS SERVICE HAS NOT EFFECTED SERVICE**

### I. Why I Am Filing This Motion

More than **three weeks** ago the Court told the U.S. Marshals Service (USMS) to serve my complaint. Nothing has happened, and the docket shows no proof of service. As a pro se litigant with documented cognitive disabilities, I rely on the Court's ADA procedures. Instead, ADA Coordinator **Patrick Sherwood** told me to file yet another motion rather than process my accommodation request. That is exactly the barrier the ADA and § 504 were meant to remove. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).

### II. What Has Happened So Far

1. **June 23, 2025 — IFP Order.** The Court granted in forma pauperis (IFP) status and told the Clerk to give the summons packets to the USMS.

2. **July 3, 2025 — Addresses Collected; Privacy Catch-22.** I located the personal home service addresses for every party—the BIIA; Judge Timothy M. Blood; Ms. Janice Rosen; Chief Judge David G. Estudillo;

PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY THE U.S. MARSHALS SERVICE HAS NOT EFFECTED SERVICE - 1

ADA Coordinator Patrick Sherwood; Clerk Ravi Subramanian; and, on July 9, 2025, Judge Tana Lin (née Holland). The Court already has these addresses. Placing them on the public docket could violate the **Daniel Anderl Judicial Security and Privacy Act of 2022**, which protects judges' personal information—though the Act **does** allow parties to file that information **under seal or ex parte**. If I keep the addresses private, the Marshals cannot act. This is a legal *catch-22* that only the Court can solve—either by telling the Marshals to use the addresses it already holds or by letting me email the list to Mr. Sherwood or the U.S. Marshals directly. Mr. Sherwood refused this accommodation and simply said, "File a motion," leaving me without ADA help or a lawful path forward.

3. **July 15, 2025 — Still No Proof of Service.** No return of service from the Marshals and no ADA ruling from Mr. Sherwood.

### III.    The Main Agency Address (Already on File)

**Washington State Board of Industrial Insurance Appeals**

Attn: Executive Secretary — Service of Process

2430 Chandler Court SW

Olympia, WA 98504-2401

Tel. 360-753-6823 | Fax 360-586-5611 / 855-586-5611

I can also provide—under seal—the **Washington Attorney General's** address (1125 Washington St SE, Olympia, WA 98504-0100), as required by Fed. R. Civ. P. 4(j)(2) and WA CR 4(d)(5).

### IV.    The Rules That Apply

- **Fed. R. Civ. P. 4(c)(3) & 28 U.S.C. § 1915(d)** — Once an IFP plaintiff supplies the necessary information, the Marshal must serve the papers; the plaintiff cannot be punished for the Marshal's delay. *Walker*, 14 F.3d at 1422.

- **28 U.S.C. § 1651(a) (All Writs Act)** — Lets the Court issue orders needed to protect its authority.

- **ADA Title II & § 504** — Courts must give disabled litigants "meaningful access." *Tennessee v. Lane*, 541 U.S. 509, 531-32 (2004).
- **28 C.F.R. § 35.107(b)** — The ADA Coordinator must run the accommodation process; it is an administrative, not judicial, function.

### V. Why the Court Should Act

1. **The Delay Is Not My Fault.** I met every requirement within two weeks; only the USMS can complete service.
2. **The ADA Coordinator Is Blocking Access.** By refusing to process my request and forcing me to draft motions, Mr. Sherwood turns a simple administrative step into a legal obstacle course—much like the old Jim Crow literacy tests that shut people out of court.
3. **Equity Supports Immediate Relief.** The Court can order both the USMS and Mr. Sherwood to perform their duties. Otherwise, my rights under Rule 4 and the ADA are hollow.
4. **My Rights Are Harmed Daily.** Without service and accommodations, my claims cannot be heard.

### VI. What I Am Asking For

1. **Order the USMS** to file, within **7 days**, a statement explaining why service is still incomplete.
2. **Direct the USMS** to serve, within **10 days**:
   - BIIA, 2430 Chandler Ct SW, Olympia, WA 98504-2401;
   - Washington Attorney General, 1125 Washington St SE, Olympia, WA 98504-0100; and
   - The individual parties whose addresses I have available:
     - Judge Timothy M. Blood (address redacted)
     - Ms. Janice Rosen (address redacted)
     - Chief Judge David G. Estudillo (address redacted)
     - Patrick Sherwood (address redacted)
     - Ravi Subramanian (address redacted)
     - Judge Tana Lin (née Holland) (address redacted)

PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY THE U.S. MARSHALS SERVICE HAS NOT EFFECTED SERVICE - 3

3. **Order ADA Coordinator Patrick Sherwood** to decide my accommodation request and file his decision within **7 days.**

4. **Require the Clerk** to send me any proof of service and Mr. Sherwood's decision by mail **and** email within 24 hours of filing.

5. **Warn** that if the USMS or Mr. Sherwood do not comply, the Court may hire a private process server at government expense or impose sanctions.

6. **Grant any other relief** the Court deems just.

### VII.    Conclusion

The Marshals' delay and the ADA Coordinator's inaction prevent a cognitively disabled plaintiff from accessing this, Court. The Court should enforce its orders and safeguard my right to a fair hearing.

**Athena AI has detected that the Court itself has sometimes placed un-redacted personal information in the public docket when it should have been sealed or published emails for its personal benefit and at the risk and danger of harming the plaintiff. Furthermore, expecting a cognitively disabled litigant to distinguish between public and sealed filings—while the Court chooses when it should follow and when it should ignore those rules—creates yet another barrier. This mismatch could push plaintiff to violate privacy laws simply because of his cognitive disabilities. The Court should use its equitable authority to protect plaintiff by ensuring sensitive information is filed under seal and by providing clear administrative guidance.**

**Filing Note:** This is a "show-cause" motion under LCR 7(d)(1). The Court needs to serve copies on the U.S. Attorney (Civil Division) and the U.S. Marshals Service Civil Process Section as required by LCR 10.

\\
\\
\\
\\

PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY THE U.S. MARSHALS SERVICE HAS NOT EFFECTED SERVICE - 4

1  Respectfully submitted 15 July 2025

2  [signature]

3

4  **William Nelson, Pro Se**
   1523 132ND ST SE. STE C418
5  Everett, Wa 98208
   (425) 645-9222 (desk)
6  (425) 800-8800 (mobile)
   (808) 204-1401 (fax)
7  william@seattleseahawks.me (email)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY THE U.S. MARSHALS SERVICE HAS NOT EFFECTED SERVICE - 5

**FOOTNOTES**

1. **Lane,** 541 U.S. at 523–34.

2. *28 C.F.R.* § 35.164.

3. **Porter,** 328 U.S. at 398–99.

4. **Brown,** 563 U.S. at 538.

5. **Robinson,** 2019 WL 1307236, at *2.

6. **Hecht,** 321 U.S. at 329.

PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY THE U.S. MARSHALS SERVICE HAS NOT EFFECTED SERVICE - 6