UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM NELSON, <br><br>                    Plaintiff, <br><br>     v. <br><br> WASHINGTON BOARD OF INDUSTRIAL APPEALS et al., <br><br>                    Defendant. | CASE NO. 3:25-cv-05551-DGE <br><br> ORDER ON OUTSTANDING MOTIONS (DKT. NOS. 24, 25, 26, 27, 31, 37) |

This matter comes before the Court on Plaintiff William Nelson's motions for: 1) emergency reconsideration (Dkt. No. 24), reconsideration (Dkt. No. 25), reconsideration (Dkt. No. 31), ex-parte motion for leave to file over-length briefing (Dkt. No. 26), ex-parte motion for appointment of pro-bono counsel (Dkt. No. 27), and motion to show cause why the U.S. marshal service has not effected service (Dkt. No. 37). The Court assumes familiarity with the factual and procedural history of this litigation. The Court begins by addressing the motions for reconsideration.

1          Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will
2   ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or
3   legal authority which could not have been brought to the attention of the court earlier, through
4   reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used
5   sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v.*
6   *Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be
7   granted, absent highly unusual circumstances, unless the district court is presented with newly
8   discovered evidence, committed clear error, or if there is an intervening change in the controlling
9   law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.
10  2009). "Whether or not to grant reconsideration is committed to the sound discretion of the
11  court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d
12  1041, 1046 (9th Cir. 2003).
13         Plaintiff asserts that the Court wrongly construed his so-called "institutional reform
14  motion" (Dkt. No. 15) as a motion for recusal. (Dkt. No. 31 at 1.) Accordingly, Plaintiff
15  requests that the Court rule on what he states he was *actually* seeking: not the recusal of the
16  undersigned, but rather a statement from the Court that it will comply with so-called "statutory
17  and constitutional [disability] accommodation duties." (*Id.*) (Dkt. No. 31 at 2.) As this Court
18  has stated before, Title II of the American with Disabilities act does not apply to the federal
19  judiciary. *Murray v. Murguia*, Case No. 25-cv-01364-WHO, 2025 WL 1442705 at *1 (N.D. Cal.
20  May 9, 2025); *Patrick v. United States Postal Service*, Case No. CV-10-0650-PHX-ECV, 2010
21  WL 4879161, at *1-*3 (D. Ariz. Nov. 23, 2010). Likewise, the Rehabilitation Act does not
22  apply to federal courts. *See In re Chapman*, 777 F. Sup. 2d 196, 197 (D. Me. 2011); *see also*
23  *Mapes v. Hatcher Real Est.*, 2021 WL 5404626, at *5 (S.D. Ind. Feb. 4, 2021); *Torrence v. U.S.*
24

*Bankruptcy Court*, 2017 WL 3593116, at *4 (N.D. Ill. Aug. 21, 2017).  Under judicial policy, courts do provide reasonable accommodations to persons with communications disabilities—but this does not include any mandate to engage in a so-called "interactive process."  (Dkt. No. 31 at 2).  *See Patrick*, 2010 WL 4879161, at *4 (citing the Guide to Judiciary Policies, Vol. 5, Ch 2, 255.10).

The Guidelines for Providing Accommodations state: "The United States District Court for the Western District of Washington will provide reasonable accommodations, at judiciary expense, in the form of sign language interpreters or other appropriate auxiliary aids and services to participants in federal court proceedings who are deaf, hearing impaired, or have other communications disabilities."[1]  "Auxiliary aids and services" are defined as "qualified interpreters, assistive listening devices or systems, or other effective methods of making aurally delivered materials available to individuals with hearing impairments."  *See id*.  Here, Plaintiff is not seeking "interpreters" or other "or other effective methods of making aurally delivered materials available" as defined by the Guidelines.  In other words, the Guidelines do not require the Court to provide the accommodations Plaintiff seeks, and nor does any authority suggest Plaintiff's request is within the scope of the Court's proper accommodations considerations, given the record at hand.  *See Carr v. Fed. Express Corp.*, No. 3:24-CV-295-KHJ-MTP, 2025 WL 818286, *2 (S.D. Miss. Mar. 14, 2025); *Mapes*, 2021 WL 5404626, at *6 ("Accommodations for communication impairments do not include court-funded legal representation to press or otherwise 'interpret' Plaintiffs' legal claims"); *Griffin v. Hooks*, No.

---

[1] *See WAWD Accommodations Guidelines* located at www.wawd.uscourts.gov/sites/wawd/files/WAWDAccommodationsGuidlines.pdf.

3:19-CV-00135-MR, 2023 WL 5662584, *4 (W.D.N.C. Aug. 30, 2023)). For this reason, Plaintiff's third motion for reconsideration (Dkt. No. 31) is DENIED.

Plaintiff's motion for the appointment of pro bono counsel or a guardian ad litem (Dkt. No. 27) is also DENIED. This motion appears to have been filed by Plaintiff's mother. Plaintiff's non-attorney mother cannot file on his behalf under Rules 11(a) and 12(f) of the Federal Rules of Civil Procedure. In federal court, parties must litigate cases "personally or by counsel." 28 U.S.C. § 1654. "Non-lawyers cannot represent others, even if the non-attorney is . . . plaintiff's own [family member] conferred with the power of attorney." *Benaderet v. Comm'r of Soc. Sec. Admin.*, No. 19-CV-1141-PP, 2020 WL 4054568, *1 (E.D. Wis. July 20, 2020) (citing *Johnson v. Bank One N.A.*, 90 F. App'x 956, 957 (7th Cir. 2004)). "A non-lawyer may not file motions or sign documents on behalf of the party." *Id.*[2]

The Court will also deny Plaintiff's first and second motions for reconsideration (Dkt. Nos. 24, 25), as the Court has not been presented with newly discovered evidence or committed clear error. *Marlyn.*, 571 F.3d at 880.

At bottom, before the Court may review Plaintiff's legal claims, Plaintiff must serve summons and the complaint on Defendants. The Court has no jurisdiction over the Defendants without proper service. On June 26, 2025, the Court granted Plaintiff's request to have the

---

[2] Additionally, the Court has made no determination of incompetence that would trigger the requirement for the appointment guardian ad litem. *See AT&T Mobility v. Yeager*, 143 F. Supp. 3d 1042, 1049–1050 (E.D. Cal. 2015); Federal Rule of Civil Procedure 17(c)(2). "Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.,* 795 F.2d 796, 805 (9th Cir. 1986). At present, Plaintiff has shown his ability to file motions and offer arguments on his behalf. The Court has no reason to believe Plaintiff is incompetent or not adequately protected in this litigation. *See Sanchez v. Grandview Sch. Dist*. No. 200, No. CV-10-3118-EFS, 2012 WL 12918718, *2 (E.D. Wash. Jan. 24, 2012).

United States Marshal, or a deputy marshal, effectuate service of process pursuant to Federal Rule of Civil Procedure 4(c)(3). (Dkt. No. 19.) The Court ordered that Plaintiff "immediately file on the Court docket information identifying the precise address of each defendant where service can be accomplished." (*Id.* at 10.) It stated that the Marshals will not attempt to effectuate service until Plaintiff provides the necessary information. (*Id.*) Nearly a month has passed, and Plaintiff has filed more than six additional motions but failed to file information identifying the addresses of Defendants such that service may be accomplished. The Defendants named in this action are: the Washington Board of Industrial Appeals, Timothy Brood, and Janice Rosen. Plaintiff must file the address information of the three Defendants if he wishes to proceed in this litigation. The Court will not consider further briefing from Plaintiff until Defendants have been served. Thus, Plaintiff's motion to file over-length briefing (Dkt. No. 26) and order to show cause (Dkt. No. 37) are also DENIED.

For the reasons outlined above, Plaintiffs' outstanding motions (Dkt. Nos. 24, 25, 26, 27, 31, 37) are DENIED. The Court will not review filings from Plaintiff in this litigation until Defendants are served with process, which can only occur once Plaintiff provides the necessary information for the Marshals to effectuate service.

Dated this 22nd day of July, 2025.

David G. Estudillo
United States District Judge