UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| WILLIAM NELSON, | CASE NO. 3:25-cv-05551-DGE |
|---|---|
| Plaintiff, | ORDER ON MOTION TO VACATE |
| v. | |
| WASHINGTON BOARD OF INDUSTRIAL APPEALS et al., | |
| Defendants. | |

This matter is before the undersigned on Plaintiff's motion to vacate an order entered on July 8, 2025, regarding what was interpreted as a request for the recusal of Chief Judge David Estudillo from this case. Dkt. No. 33.

As a preliminary matter, a word of caution is appropriate regarding Plaintiff's motion. Plaintiff cites to *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 n.8 (9th Cir. 2005). Dkt. No. 33 at 3. A review of this authority, cited in support of the proposition that "[b]ecause Dkts. 30-32 were pending—but unseen—when Order 29 issued, the Order constitutes clear error warranting vacatur" (Dkt. No. 33 at 3), raises several concerns. First, there is no

ORDER ON MOTION TO VACATE – 1

footnote 8 on page 1124, leaving it unclear whether Plaintiff is citing to footnote 8 on page 1126 (from the majority opinion) or footnote 8 on page 1144 (from the concurrence). Regardless, neither footnote supports Plaintiff's proposition. Nor does either footnote (or the case as a whole) appear to have any relation to the clear error standard, "pending but unseen" filings, or vacatur of orders under circumstances similar to those present here.

Plaintiff is reminded that pro se litigants are held to the same standards as attorneys and are required by Federal Rule of Civil Procedure 11 to ensure that factual statements are supported and legal authorities are presented accurately to the Court. *See* Fed. R. Civ. P. 11(b)(2)–(3). Use of legal citations to bolster propositions they do not support can constitute a violation of Rule 11 and could result in sanctions. *See, e.g.*, *Pop Top Corp. v. Rakuten Kobo Inc.*, No. C20-4482, 2025 WL 2098597, at *3 (N.D. Cal. July 25, 2025) (Pro se litigants have "an obligation to confirm that arguments and case law submitted to the court are supported by existing law, and . . . citation to existing cases for unsupported propositions[] may result in sanctions." (citing *United States v. Hayes*, 763 F. Supp. 3d 1054, 1064, 1071–72 (E.D. Cal. 2025) (collecting cases imposing sanctions for "the submission of fictitious legal authority"), *reconsideration denied*, No. CR24-280, 2025 WL 1067323 (E.D. Cal. Apr. 9, 2025)).).

Turning to the matter at issue, the July 8th Order (Dkt. No. 29) was filed in the morning. Later in the afternoon that same day, several documents (Dkt. Nos. 30–32) were filed by Plaintiff. Dkt. No. 34 ¶ 12. One of these was Plaintiff's Objection to the Court's Mischaracterization of Plaintiff's Motion and Motion for Clarification, in which he stated the Court "erroneously construed Plaintiff's earlier filing (Dkt. 15) as a request for recusal. No such request was made." Dkt. No. 30 at 1.

Plaintiff's July 8th filings (Dkt Nos. 30–32) were not yet on the docket when the undersigned issued the July 8th Order (Dkt. No. 29). Having reviewed Plaintiff's motion (Dkt.

No. 33) and objection (Dkt. No. 30), the undersigned finds it appropriate to withdraw the July 8th Order. Therefore, the undersigned GRANTS Plaintiff's motion (Dkt. No. 33) and VACATES the July 8, 2025, Order (Dkt. No. 29).

Dated this 11th day of August, 2025.

_____
Tana Lin
United States District Judge

ORDER ON MOTION TO VACATE – 3